# IN THE SUPREME COURT OF IOWA

No. 120 / 04-1474

Filed May 18, 2007

**STATE OF IOWA**,

Appellee,

vs.

**BENJAMIN THOMAS GORDON**,

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Jasper County, Thomas W. Mott, District Associate Judge.

Defendant seeks further review of court of appeals decision rejecting, on error-preservation grounds, his claim that he was illegally sentenced as a habitual offender. **DECISION OF COURT OF APPEALS VACATED. JUDGMENT OF CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, R. Steven Johnson, County Attorney, and Michael K. Jacobsen, Assistant County Attorney, for appellee.

**TERNUS, Chief Justice.**

The appellant, Benjamin Gordon, challenges his sentence as a habitual offender on the charge of criminal mischief in the second degree. He claims the prior felony convictions proven by the State are insufficient to warrant application of the habitual-offender statute. We agree and remand for resentencing on the conviction of second-degree criminal mischief.

I. *Background Facts and Proceedings.*

Gordon was charged by trial information with one count of criminal mischief in the second degree, a class "D" felony. *See* Iowa Code § 716.4 (2003) (defining offense of criminal mischief). In the same pleading, he was accused of being a habitual offender based on two prior convictions for third-degree burglary. *Id.* § 902.8 (providing for enhanced sentences for habitual offenders). On July 21, 2004, Gordon waived his right to counsel and pled guilty to the criminal-mischief charge. He also admitted that he was a habitual offender under section 902.8. The district court accepted the defendant's guilty plea and admission of habitual-offender status.

On August 11, 2004, the court sentenced the defendant to fifteen years in prison pursuant to the habitual-offender statute. *Compare id.* § 902.9(3) ("An habitual offender shall be confined for no more than fifteen years."), *with id.* § 902.9(5) ("A class 'D' felon, not a habitual offender, shall be confined for no more than five years . . . ."). The defendant filed a notice of appeal, and counsel was appointed to represent him.

In his appeal, the defendant contends he does not qualify as a habitual offender, and therefore, his sentence is illegal and void. The State claims the defendant did not preserve error because he admitted to being a habitual offender at the guilty plea proceeding. The appeal was transferred to the court of appeals, which held error was not preserved. This court granted further review.

II. *Issues on Appeal.*

The underlying claim made by the defendant—that his sentence is illegal and void—is based on the fact that his prior convictions for burglary both occurred on January 17, 1995. The habitual-offender statute defines a habitual offender as "any person convicted of a class 'C' or a class 'D' felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States . . . ." *Id.* § 902.8. The State does not challenge the defendant's claim that under our case law, "each offense must be complete as to a conviction and sentencing before commission of the next in order to qualify for the enhancement of penalty under a habitual offender statute." *State v. Freeman*, 705 N.W.2d 286, 291 (Iowa 2005). Clearly, the defendant's prior burglary convictions do not qualify as two prior convictions under this rule.

The issue in this appeal, then, is not whether the defendant is a habitual offender. Based on the record before us, he is not. The issue we must address on appeal is whether the defendant can challenge his habitual-offender status for the first time on appeal. If he can, we must then decide whether, upon remand, the prosecution can introduce evidence of other prior felony convictions in support of its allegation the defendant is a habitual offender.

III. *Error Preservation.*

"An illegal sentence is one that is not permitted by statute." *State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000). It "is void and 'not subject to the usual concepts of waiver, whether from a failure to seek review or other omissions of error preservation.' Because an illegal sentence is void, it can be corrected at any time." *Id.* (quoting *State v. Ohnmacht*, 342 N.W.2d 838, 843 (Iowa 1983)). This court has applied these principles to an enhanced

sentence entered under an erroneous conclusion that the defendant was a habitual offender. *Id.*

In *Woody*, the defendant was charged with first-degree robbery as a habitual offender. *Id.* at 216-17. Pursuant to a plea bargain, he pled guilty to second-degree robbery and admitted to being a habitual offender. *Id.* at 217. On appeal, he challenged his enhanced sentence as a habitual offender, and the State agreed that the enhanced sentence was not appropriate. *Id.* The State argued the sentence should be vacated and the case remanded so the defendant could withdraw his guilty plea. *Id.* In the alternative, the State suggested that the defendant's claim be preserved for a possible postconviction relief action. *Id.*

We held it was not necessary for the defendant to raise the sentencing error as an ineffective-assistance-of-counsel claim because the sentence was illegal and could be challenged on direct appeal, notwithstanding the defendant's guilty plea. *Id.* This court pointed out that habitual-offender status is not a separate offense; it is simply a sentencing enhancement. *Id.*; *accord State v. Brady*, 442 N.W.2d 57, 58 (Iowa 1989) (stating "habitual offender statutes do not charge a separate offense," but simply "provide for enhanced punishment on the current offense"). Consequently, if the habitual-offender statute does not apply, an enhanced sentence based on habitual-offender status is "not permitted by statute" and is, therefore, illegal. *Woody*, 613 N.W.2d at 217. Accordingly, we held, the defendant "did not plead guilty to an habitual offender status because he could not. Rather, he pled guilty to robbery in the second degree and admitted the previous convictions." *Id.* at 218; *accord Brady*, 442 N.W.2d at 58 ("An admission by a defendant of prior convictions cannot be said to be a plea of guilty to an habitual offender 'charge' . . . .").

The same analysis is applicable here. The defendant did not plead guilty to being a habitual offender; he pled guilty to second-degree criminal mischief and admitted his previous convictions. Those convictions, however, were not sufficient to classify the defendant as a habitual offender. Consequently, his enhanced sentence based on his purported habitual-offender status was illegal. As an illegal sentence, it is not subject to normal error preservation rules and can be challenged at any time. Consequently, we disagree with the court of appeals' conclusion that the defendant's failure to preserve error prevents him from challenging his sentence on appeal. To the contrary, the defendant is permitted to challenge his sentence on appeal, notwithstanding his guilty plea. Therefore, we vacate the court of appeals' contrary decision.

IV. *Remedy.*

Because the State does not dispute that the defendant's prior convictions do not support a finding that the defendant is a habitual offender, we must vacate the defendant's sentence and remand for resentencing. The parties disagree, however, upon the scope of this remand.

The State asks that upon remand it be allowed to amend the trial information to allege other prior felony convictions of the defendant, thus permitting proof of these convictions at a new hearing. Relying on the fact that the habitual-offender charge is not a substantive offense, but merely a sentencing enhancement, it argues that double-jeopardy principles do not apply.

Assuming the State is correct in its assertion that the Double Jeopardy Clause does not apply so as to preclude a new evidentiary hearing on the enhancement issue, we have still found no basis in the record to conclude the initial hearing on this issue was inadequate. The State has

pointed to no error in the district court proceeding that would entitle the State to a new hearing, nor does the record reveal any other matter that hindered the prosecution's ability to amend the trial information prior to that hearing in order to rely on other prior convictions. In sum, the State had a full and fair opportunity to support its accusation that the defendant was a habitual offender, but its evidence was insufficient. In view of these circumstances, the prosecution is not entitled to a second bite of the apple to remedy its failure of proof. *Cf. Woody*, 613 N.W.2d at 218 (holding State was "stuck" with unenhanced conviction on reduced charge to which defendant pled guilty and prosecution could not reinstate original charge upon remand: "[T]he State should bear the consequences of a decision that was based on the State's wrong assumption that the habitual-offender statute applied."); *M-Z Enters., Inc. v. Hawkeye-Sec. Ins. Co.*, 318 N.W.2d 408, 416 (Iowa 1982) (holding party should not rely on court's power to remand for new trial under Iowa Rule of Appellate Procedure 26 (now rule 6.26) "as a substitute for careful trial preparation and presentation of evidence"). This case is remanded for resentencing on the second-degree criminal mischief conviction.

**DECISION OF COURT OF APPEALS VACATED. JUDGMENT OF CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.**

All justices concur except Hecht and Appel, JJ., who take no part.