# IN THE COURT OF APPEALS OF IOWA

No. 13-0321
Filed March 26, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DONALD JAMES ALLBEE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Webster County, Kurt L. Wilke,

Judge.


        Donald Allbee challenges the sentences imposed upon his pleas of guilty.

**CONVICTIONS AFFIRMED, SENTENCES VACATED, AND CASE
REMANDED FOR RESENTENCING.**


        Robert E. Peterson, Carroll, for appellant.

        Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant

Attorney General, Cori Kuhn-Coleman, County Attorney, and Jennifer Benson,

Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**DANILSON, C.J.**

On appeal, Donald Allbee challenges his pleas of guilty to, and the sentences imposed upon, his convictions of possession of marijuana and possession of methamphetamine, both as a habitual offender. The State contends numerous procedural hurdles bar our review of some of Allbee's claims. In any event, the State concedes Allbee's plea counsel was ineffective in failing to challenge the sentence enhancements imposed upon his admitted possession of methamphetamine and possession of marijuana. We affirm the convictions, but vacate the sentences and remand for resentencing.

**I. Background Facts and Proceedings.**

Pursuant to a plea agreement in which the State agreed to drop other charges,[1] Allbee pled guilty to possession of methamphetamine (third offense and as an habitual offender), in violation of Iowa Code sections 124.401(5), 902.8, and 902.9(3) (2011), and possession of marijuana (third offense and as an habitual offender) in violation of sections 124.401(5), 902.8, and 902.9(3). The pleas were accepted on July 16, 2012. Allbee waived time for sentencing and requested immediate sentencing.

Judgment was entered on July 16, 2012. With respect to the possession-of-methamphetamine count, the sentencing court imposed an indeterminate prison term not to exceed fifteen years, with a minimum three-year sentence of confinement. The court also ordered Allbee to pay a fine in the amount of $750, which was suspended, and ordered his driver's license suspended for a period of

---

[1] On July 20, 2012, the court granted the State's motion to dismiss the two remaining counts—possession of an unlabeled prescription drug and possession of marijuana with intent to deliver.

180 days. On the possession of marijuana count, the court imposed an indeterminate term not to exceed fifteen years, with a minimum three-year sentence of confinement. Again, the court imposed a $750 fine, but suspended it, and ordered Allbee's driving privileges be suspended for 180 days. The court ordered the sentences be served consecutively to one another and concurrently with Allbee's parole revocation.

On December 7, 2012, Allbee filed a motion for reconsideration of sentence, which the district court denied on January 2, 2013.

On January 23, 2013, Allbee filed a pro se motion for correction of illegal sentence, asserting the maximum sentence for each of his convictions was a term not to exceed five years. The district court denied the motion on February 4, 2013.

This appeal followed.

**II. Scope and Standard of Review.**

Our review of challenges to the illegality of a sentence is for errors at law. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).

**III. Discussion.**

Allbee contends there was no factual basis established during his plea proceedings for either offense; the district court did not comply with rules of criminal procedure concerning guilty pleas, *see* Iowa Rs. Crim. P. 2.8(2)(b), 2.23(1) & (3); plea counsel was ineffective in allowing him to plead guilty under these circumstances; and the predicate felonies cannot be used to enhance his sentences.

Here, judgment on Allbee's convictions was filed July 16, 2012. No appeal was taken. Consequently, unless some exemption from the general rules for issue preservation exists, Allbee's claims are waived. *Cf. State v. Woody*, 613 N.W.2d 215, 217 (Iowa 2000) (noting an illegal sentence is void and "not subject to the usual concepts of waiver, whether from a failure to seek review or other omissions of error preservation").

Claims of ineffective assistance of counsel are not subject to the general rules of error preservation. *State v. Ondayog*, 722 N.W.2d 778, 784 (Iowa 2006) ("Ineffective-assistance-of-counsel claims are not bound by traditional error-preservation rules. Such claims are an exception to normal error-preservation rules and the 'law of the case' doctrine." (citation omitted)). Thus ineffectiveness claims may be raised for the first time in a postconviction relief proceeding. *See Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001) (noting ineffective assistance of appellate counsel may constitute sufficient reason for failing to raise an issue on direct appeal). But Allbee did not raise his claims challenging his plea in a postconviction proceeding and he offers no authority for his ability to raise such a claim for the first time on appeal from a motion to correct an illegal sentence.

Even assuming we found no procedural bar to Allbee's ineffective-assistance-of-counsel claim concerning the factual bases for the pleas, the record establishes Allbee admitted during the plea proceeding that he knowingly possessed marijuana and methamphetamine on April 24, 2012. Plea counsel was not required to raise a challenge to the factual bases for the convictions.

*See Millam v. State*, 745 N.W.2d 719, 721-22 (Iowa 2008) (noting counsel has no duty to raise an issue that has no merit).

But a challenge to an illegal sentence may be raised "at any time." Iowa R. Crim. P. 2.24(5)(a). "Our cases are clear that, to be 'illegal' for purposes of rule [2.24(5)], the sentence must be one not authorized by statute." *Tindell*, 629 N.W.2d at 359.

Our supreme court has held Iowa Code section 902.8 is a recidivist statute designed "to punish violators who have not responded to the restraining influence of conviction and punishment." *Hajek v. Iowa State Bd. of Parole*, 414 N.W.2d 122, 123 (Iowa 1987). "For this reason, such statutes apply only when the previous convictions precede the commission of the current offense." *State v. Woody*, 613 N.W.2d 215, 218 (Iowa 2000). And the general rule is that "each offense must be complete as to a conviction and sentencing before commission of the next in order to qualify for the enhancement of penalty under a habitual offender statute, unless the legislature expressly provided otherwise." *State v. Freeman*, 705 N.W.2d 286, 291 (Iowa 2005). Section 124.401(5) (including possession of controlled substance) does not provide otherwise. *Id.*

Following this general rule, in *Freeman*, the court determined the defendant could not be treated as a third offender. *See id.* ("[T]he district court should not have considered Freeman as a third offender, because he did not commit his second offense after his first conviction."). And in *State v. Gordon*, 732 N.W.2d 41, 44 (Iowa 2007), the supreme court determined the defendant did not qualify as an habitual offender because both his prior convictions occurred on the same date.

Allbee's convictions to which he admitted[2] are not sufficient to classify him as a third offender or as an habitual offender because he had not been convicted and sentenced for the first offense (FE314177—date of offense was February 14, 1999; conviction October 25, 1999) prior to committing the second offense (FE315093—date of offense June 8, 1999; conviction February 16, 2000).

The State argues it should be allowed to prove up another qualifying conviction on remand. However, the only other conviction noted in the minutes of testimony (FECR314579) has a date of offense of April 3, 1999, and date of conviction of February 16, 2000. This conviction does not appear to qualify any more than the two admitted. *See Gordon*, 732 N.W.2d at 44-45 (rejecting the State's request to be allowed to amend the trial information to allege other prior felony convictions because "the prosecution is not entitled to a second bite of the apple to remedy its failure of proof").

The convictions to which Allbee admitted were not sufficient to classify him as a third offender or as a habitual offender. Consequently, his enhanced sentence was illegal. We vacate the sentence and remand for resentencing consistent with this opinion. *See id.* at 45; *Freeman*, 705 N.W.2d at 291; *Woody*, 613 N.W.2d at 218.

**CONVICTIONS AFFIRMED, SENTENCES VACATED, AND CASE REMANDED FOR RESENTENCING.**

---

[2] *See Gordon*, 732 N.W.2d at 44 ("The defendant did not plead guilty to being a habitual offender; he pled guilty to second-degree criminal mischief and admitted his previous convictions.").