**IN THE COURT OF APPEALS OF IOWA**

No. 14-0034
Filed February 11, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHNNY TERRELL CLAYTON,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Scott County, Mark D. Cleve, Judge.

    Johnny Clayton appeals from the district court's dismissal of his motion to correct an illegal sentence. **AFFIRMED.**

    Clayton Grueb, Davenport, until withdrawal, and then Lauren Phelps, Dvenport, for appellant.

    Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Michael J. Walton, County Attorney, and James Cosby and Amy Devine, Assistant County Attorneys, for appellee.

    Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, J.**

Johnny Clayton appeals from the district court's dismissal of his motion to correct an illegal sentence. Because at the time of the 2010 sentencing Clayton had been convicted twice previously of a felony, qualifying him as an habitual offender, the district court did not err in denying his motion to correct an illegal sentence.

**I. Background Facts and Proceedings.**

On November 24, 2009, Johnny Clayton grabbed a man from behind, saying "don't make a sound unless you want to die, I just want your money." Clayton took the man's wallet from his rear pocket and attempted to put his hand in the man's front pocket. In the process, Clayton inflicted a cut to the man's finger and a laceration to his neck.

On January 5, 2010, the State charged Clayton with one count of robbery in the first degree, in violation of Iowa Code section 711.2 (2009), and one count of assault while participating in a felony, in violation of section 708.3.

On August 25, 2010, a notice of additional minutes of testimony was filed, stating the clerk of the circuit court for Milwaukee County, Wisconsin, would testify that Clayton had been convicted and sentenced for two felony offenses of burglary (2000CF003684 and 1990CF01025).

On September 2, 2010, an amended trial information added a third count—first degree theft, in violation of section 714.2(1)—and asserted Clayton was an habitual offender. With respect to the habitual offender allegations, however, the amended trial information list two convictions—1990CF01025 and

2004CF006384—the last having been charged as a felony, but Clayton having pled guilty to a serious misdemeanor.

Clayton entered into a plea agreement in which he agreed to plead guilty to a lesser-included offense of robbery in the second degree as a habitual offender and assault while participating in a felony as a habitual offender. In return, the State would dismiss the first-degree-theft count and would recommend that the sentences on the two convictions would run concurrently. A special condition of the agreement provided:

> Should the Defendant have a criminal history more extensive than that revealed in the pleadings, or should the Defendant fail to cooperate with Correctional Services in preparing the [presentence investigation] P.S.I., . . . the State may withdraw any recommendation previously made. . . .
> The Defendant understands that incarceration is mandatory. The Defendant understands that this recommendation will result in a sentence of 15 years of incarceration. The Defendant understands that he must serve seventy (70%) of his sentence before he is eligible for parole.

At the plea hearing, Clayton asked the court, "I'm not understanding how this time is being ran. . . . I mean, is it 15 years or is it 10 years?" The court responded:

> It's 15 years because you're pleading—normally it's 10 years, but since you're pleading guilty as habitual offender, which means you have two prior felonies, the penalty is enhanced or increased because of your prior felonies to imprisonment for not to exceed 15 years, not 10. Do you understand?
> THE DEFENDANT: And I would have to serve 70 percent of 15 years?
> THE COURT: Yes. Is there anything else you don't understand that I've read?
> THE DEFENDANT: No.

On September 29, 2010, a sentencing hearing was held. The PSI set forth Clayton's criminal history, including two prior felony convictions. At the

hearing, both the State and Clayton agreed that the report was accurate. The court sentenced Clayton to two terms of imprisonment not to exceed fifteen years, to be served concurrently.

On direct appeal, Clayton raised an ineffective-assistance-of-counsel claim, arguing counsel failed to move in arrest of judgment because a record of his prior convictions was not made during the plea proceeding. *State v. Clayton*, No. 10-1736, 2011 WL 25656588, at *1 (Iowa Ct. App. June 29, 2011). This court noted Clayton made no argument as to how a defect in procedure and his counsel's alleged failure resulted in prejudice—we preserved his "general and conclusory" ineffectiveness claim for possible postconviction relief proceedings. *Id.* at *2.

On September 13, 2013, Clayton filed a motion to correct illegal sentence asserting the State had improperly relied upon a conviction that was not a felony. The State filed a resistance asserting Clayton was an habitual offender as defined in Iowa Code section 902.8 because he had been twice previously convicted of felony offenses at the time of sentencing. The State attached records showing Clayton had been convicted of a felony in Wisconsin in 1990 and again in 2000 (which convictions had been noticed in the August 25, 2010 additional minutes of testimony).

After a hearing, the district court dismissed the motion, concluding that at the time of Clayton's plea and sentencing, "the State had provided notice, via the minutes of testimony, of two prior and sequentially appropriate felony convictions," and, "[t]o date, Defendant has not alleged or demonstrated that either such prior offense is not in fact a felony conviction." The court concluded

"the application of the habitual offender enhancement in this case constituted a valid sentence supported by a statute and was not an illegal sentence."

Clayton appeals.

## II. Scope and Standard of Review.

Our review of challenges to the illegality of a sentence is for errors at law. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).

## III. Discussion.

An illegal sentence is one not authorized by statute. *See id.*; *see also* Iowa R. Crim. P. 2.24(5)(a) ("The court may correct an illegal sentence at any time."). Iowa Code section 902.8 provides:

> An habitual offender is any person convicted of a class "C" or a class "D" felony, who has twice before been convicted of any felony in a court of this or any other state, or of the United States. An offense is a felony if, by the law under which the person is convicted, it is so classified at the time of the person's conviction. A person sentenced as an habitual offender shall not be eligible for parole until the person has served the minimum sentence of confinement of three years.

Clayton does not argue that the sentences imposed were outside the sentence authorized by statute. The record here supports the habitual offender status and Clayton did not at sentencing and does not now deny that he is an habitual offender with two prior felony convictions. *Cf. State v. Gordon*, 732 N.W.2d 41, 43 (Iowa 2007) (finding that where the defendant's prior convictions were not sufficient to classify him as a habitual offender, he could challenge the imposition of an habitual-offender status as an illegal sentence); *State v. Woody,* 613 N.W.2d 215, 217 (2000) (same). His reliance on *State v. Albee*, No. 13-0321, 2014 WL 1245329 (Iowa Ct. App. Mar. 26, 2014), is misplaced. There,

the defendant was not an habitual offender because the two prior convictions to which he admitted did not qualify, that is, the defendant had not been convicted and sentenced on the first offense before committing the second offense. *See Albee*, 2014 WL 1245329, at *3. We held, "The convictions to which Allbee admitted were not sufficient to classify him as a third offender or as a habitual offender. Consequently, his enhanced sentence was illegal." *Id.*

Here, however, the record supports Clayton's classification as a habitual offender. The district court did not err in denying his motion to correct an illegal sentence. We therefore affirm.

**AFFIRMED.**