# IN THE COURT OF APPEALS OF IOWA

No. 15-0442
Filed May 11, 2016

**WILLIE DEXTER KIMBROUGH,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

Willie Dexter Kimbrough appeals from the district court's ruling on his application for postconviction relief. **APPEAL DISMISSED.**

Tod J. Deck of Deck Law L.L.P., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**DANILSON, Chief Judge.**

Willie Dexter Kimbrough appeals from the district court's ruling on his application for postconviction relief. Because the claim raised here was not raised below, we dismiss the appeal.

Following an August 7, 2012 bench trial, Kimbrough was found guilty of child endangerment, as well as neglect of a dependent person and second-degree theft. The latter charges were alleged to be as an habitual offender, and a separate hearing was held on the issue—Kimbrough again waived his right to a jury. During the September 28 hearing, the State presented evidence Kimbrough had previously been convicted of two felonies in Illinois. Kimbrough did not assert he had been unrepresented. The court found him to be an habitual offender, relying not only upon the Illinois convictions, but also on two prior convictions in the Iowa district court over which that judge had presided. Sentences were imposed accordingly.

Kimbrough appealed the convictions and sentences, contending in part that there was not sufficient evidence to sentence him as an habitual offender. *State v. Kimbrough*, No. 12-1900, 2013 WL 5951187, at *1 (Iowa Ct. App. Nov. 6, 2013). This court concluded:

> The district court held a hearing and took evidence to determine Kimbrough's habitual offender status. The State offered court records from Cook County, Illinois, and Woodbury County, Iowa, as well as oral testimony of witnesses from the Woodbury County Clerk of Court and Sheriff's Office. The district court found that Kimbrough was an habitual offender and imposed judgment accordingly. Kimbrough argues on appeal the State failed to meet its burden of proving his habitual offender status. Upon our review of the record, the district court's ruling thoroughly addressed the issue raised in the pro se brief and correctly ruled that Kimbrough was an habitual offender based on the State's evidence of two prior

felony convictions in Illinois and two in Woodbury County. Pursuant to Iowa Court Rule 21.26(1)(b), (d), and (e), we affirm the district court's finding that Kimbrough was an habitual offender.

*Id.* at *4.

Kimbrough's application for further review was denied by an order dated January 24, 2014.

On March 4, 2014, Kimbrough filed a pro se application for postconviction relief (PCR), alleging first that the State failed to file a substituted and supplemental trial information asserting his habitual offender status in violation of Iowa Rule of Criminal Procedure 2.6(5) and, therefore, "the court was without jurisdiction to impose sentence."[1] He also alleged the district court did not delay the required fifteen days to enter his sentence. Finally, he contended the State had failed to prove he had been represented by counsel when previously convicted. Counsel was appointed to represent Kimbrough, and a hearing was held at which Kimbrough's criminal-trial counsel testified.

The district court ruled that Kimbrough's first and second claims were not viable grounds for postconviction relief. The court observed that Iowa Code section 822.8 (2013) restricts the grounds a prisoner can raise in a PCR application:

> All grounds for relief available to an applicant under this chapter must be raised in the applicant's original, supplemental or amended application. Any ground finally adjudicated or not raised, or knowingly, voluntarily, and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground

---

[1] The case upon which he relies, however, states that the court was without *authority*, not without subject matter jurisdiction. A challenge to the authority of the court is subject to waiver and is not timely here.

for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Moreover, the district court noted, "Under this provision we have long held postconviction relief is not a means for relitigating claims that were or should have been properly presented on direct appeal."[2] The exception to this rule is an ineffective-assistance-of-counsel claim. *See* Iowa Code § 814.7. But as noted by the district court, Kimbrough has not alleged ineffective assistance of counsel. The district court concluded: "Kimbrough has already appealed his conviction, and it was affirmed by the Iowa Court of Appeals. The court knows of no reason why Kimbrough could not have raised the instant issue before the Iowa Court of Appeals."

The PCR court found, however, that the assertion that Kimbrough was improperly sentenced without a finding that he was represented by counsel during his prior convictions constituted an illegal sentence. The court ruled it would grant the PCR application to the extent it would "hold a new proceeding to determine whether Kimbrough can be sentenced as an habitual felon."

On appeal, Kimbrough asserts a retrial on his habitual-offender status subjects him to double jeopardy and was an improper remedy. The State contends the retrial issue is not properly before this court because it was not asserted below. We agree. *See Lamasters v. State*, 821 N.W.2d 856, 863 (Iowa 2012) ("[T]he preservation of error rule 'requires a party seeking to appeal an issue presented to, but not considered by, the district court to call to the attention of the district court its failure to decide the issue. The claim or issue raised does

---

[2] The court quoted *Osborn v. State*, 573 N.W.2d 917, 921 (Iowa 1998).

not actually need to be used as the basis for the decision to be preserved, but the record must at least reveal the court was aware of the claim or issue and litigated it.'" (citation omitted)). Here, even if Kimbrough could not have foreseen the district court's ruling of illegality and the issue of double jeopardy, error could have been preserved by a posttrial motion. *See Meier v. Senecaut*, 641 N.W.2d 532, 538 (Iowa 2002) ("Our preservation of error doctrine requires a party to make a request for a ruling . . . .").

The State acknowledges that while an illegal sentence may be raised at any time, *see State v. Parker*, 747 N.W.2d 196, 203 (Iowa 2008), Kimbrough did not assert in the PCR application nor does he assert on appeal that his sentence is illegal. Rather, he challenged the procedures used to find him an habitual offender, all of which could have been raised on direct appeal, but were not. *See Osborn*, 573 N.W.2d at 921 ("[P]ostconviction relief is not a means for relitigating claims that were or should have been properly presented on direct appeal.").[3] The State's assertions are persuasive. Moreover, this court already ruled that there was sufficient evidence to find Kimbrough an habitual offender.[4] However,

---

[3] As noted by the State, Kimbrough does not allege trial or appellate counsel were ineffective in having failed to raise the procedural issues. To do so he must prove counsel's failure caused prejudice. *See Lamasters*, 821 N.W.2d at 866 ("All postconviction relief applicants who seek relief as a consequence of ineffective assistance of counsel must establish counsel breached a duty and prejudice resulted." (citations omitted)). Because he could have raised the procedural issue on appeal, and because he does not claim ineffective assistance of appellate counsel, the challenge is barred by section 822.8.

[4] Because we have already ruled on the sufficiency, *State v. Gordon* on which Kimbrough relies, is not apposite. 732 N.W.2d 41, 43 (Iowa 2007) ("The issue we must address on appeal is whether the defendant can challenge his habitual-offender status *for the first time on appeal*. If he can, we must then decide whether, upon remand, the prosecution can introduce evidence of other prior felony convictions in support of its allegation the defendant is an habitual offender." (emphasis added)).

we simply rule that because Kimbrough's double jeopardy claim was not raised below, it is not properly before us, and we dismiss the appeal.[5]

**APPEAL DISMISSED.**

---

[5] Even constitutional claims, such as a double jeopardy, must be first raised in district court and if not, error is not preserved. *State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999).