# IN THE COURT OF APPEALS OF IOWA

No. 16-1473
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JEJUAN TYREE LYKE JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dallas County, Gregory A. Hulse (motion to substitute counsel), Terry Rickers (plea) and Randy V. Hefner (sentencing), Judges.


        Jejuan Tyree Lyke Jr. appeals from judgment and sentences entered following his pleas of guilty to intimidation with a dangerous weapon, willful injury, and third-degree kidnapping (with firearm enhancement).  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Jean C. Pettinger, Assistant Attorney General, for appellee.


        Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

JeJuan Tyree Lyke Jr. appeals from judgment and sentences entered following his pleas of guilty to intimidation with a dangerous weapon, in violation of Iowa Code sections 708.6 and 702.7 (2015), a class "C" felony; willful injury causing bodily injury, in violation of Iowa Code section 708.4, a class "D" felony; and kidnapping in the third degree, in violation of Iowa Code sections 710.1 and 710.4, a class "C" felony. We affirm.

**I. Background Facts and Proceedings.**

Due to events occurring on February 3, 2015, Lyke was charged with six offenses: count I–attempted murder, count II–robbery in the first degree, count III–intimidation with a dangerous weapon, count IV–going armed with intent, count V–willful injury, and count VI–kidnapping in the second degree; counts I, II, and VI being class "B" felonies.

On June 24, 2016, the State explained the parties had reached a plea agreement as follows:

> The defendant will plead guilty to count III, intimidation with a dangerous weapon, that is a class "C" felony; he will plead guilty to count V, willful injury, a class "D" felony; and count VI, amended from kidnapping in the second degree to kidnapping in the third degree, a class "C" Felony.
> The parties will jointly recommend the following sentencing obligations at the time of sentencing. On count III, that the defendant be ordered to serve a term not to exceed ten years with the department of corrections, that he be ordered to pay the minimum fine of $1000, that he be ordered to pay restitution in an amount to be determined on all charges as filed, that he be ordered to submit a sample of his DNA to be kept on the registry of the State of Iowa.
> As to count V, willful injury, that he be sentenced to a term of incarceration not to exceed five years, that he be ordered to pay the minimum fine of $750.00, plus statutory surcharge and the court costs, that he be ordered to pay restitution in an amount to be

determined on all charges as filed. That he submit a sample of his DNA, and be kept on the registry of the State of Iowa.

As to count VI, the State would move to amend that charge conditionally based upon the acceptance of the court by your Honor on these pleas in this matter, kidnapping in the second degree and kidnapping in the third degree. Parties would jointly recommend that he be ordered to be incarcerated for a term not to exceed ten years, ordered to pay a fine of $1000, plus surcharge and court costs, and restitution to be determined on all charges as filed, and submit a sample of his DNA.

With regard to amended count VI, the State filed an amended trial information including the gun enhancement language contained in Iowa Code section 902.7, that is a mandatory minimum sentence of five years. The State understands that in addition to the kidnapping he will also plead guilty to the gun enhancement language and be subject to that five-year minimum term of incarceration.

With regard to serving these sentences the parties will jointly recommend that he serve each of these sentences, and that each sentence be run consecutive to the other two sentences for maximum term of incarceration not to exceed [twenty-five] years.

The court entered judgement. On the intimidation-with-a-dangerous-weapon charge, the district court imposed a term of imprisonment not exceeding ten years and a $1000 fine; on the willful-injury charge, the court imposed a term of imprisonment not exceeding five years and a $750 fine; and on the third-degree-kidnapping charge, the court imposed a term of imprisonment not to exceed ten years and a $1000 fine. Pursuant to Iowa Code section 902.7, the court imposed the mandatory-minimum sentence of five years on the charges of the intimidation with a dangerous weapon and third-degree kidnapping. The prison terms are to run consecutively.

On appeal, Lyke asserts (1) his plea counsel was ineffective for allowing him to plead guilty to kidnapping in the third degree because there was no factual basis for the plea; (2) the district court imposed an illegal sentence by imposing the dangerous-weapon sentencing enhancement under Iowa Code section 902.7

on the charge of intimidation with a dangerous weapon; and (3) his plea counsel was ineffective for failing to object to the State's sentencing recommendation as a breach of the parties' plea agreement.

## II. Scope and Standard of Review.

Claims of ineffective assistance of counsel are grounded in the Sixth Amendment right to counsel, and we review constitutional claims de novo. *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012).

We review a claim of an illegal sentence for errors at law. *See State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013).

## III. Analysis.

*A. Factual basis.* "[A] defendant may attack his or her guilty plea on the ground the defendant did not receive effective assistance of counsel as required under the Sixth Amendment to the United States Constitution because there was no factual basis to support the defendant's guilty plea." *Rhoades v. State*, 848 N.W.2d 22, 28 (Iowa 2014). If a factual basis exists, the ineffectiveness claim necessarily fails. *State v. Rodriguez*, 804 N.W.2d 844, 853-54 (Iowa 2011).

> At the time of the guilty plea, the record must disclose facts to satisfy all elements of the offense. We review (1) the prosecutor's statements, (2) the defendant's statements, (3) the minutes of testimony, and (4) the presentence report, if available at the time of the plea, to determine if the record supports a factual basis for the plea. We have also allowed the court to take judicial notice of well-known facts to establish a factual basis. When analyzing the record, we do not require the record "to show the totality of evidence necessary to support a guilty conviction," but only that the record demonstrates the facts to support the elements of the offense.

*Rhoades*, 848 N.W.2d at 29 (citations omitted).

Here, the trial information alleged that the defendant and/or his codefendants committed the kidnapping offense with either of two specific intents: (1) the intent to inflict serious injury upon the victim; or (2) the intent to secretly confine the victim. During the plea hearing, the following colloquy occurred:

> THE DEFENDANT: On February 3, 2016, I moved [the victim] from place to place against his will.
> THE COURT: It's my understanding that this situation with you and [the codefendant] started outside the apartment building?
> THE DEFENDANT: Yes, sir.
> THE COURT: And that eventually you forced [the victim] against his will[] to go inside the building?
> THE DEFENDANT: Yes, sir.
> THE COURT: And did you do that to try and hide him away and keep people from noticing that you were in fact threatening him and putting him in fear?
> THE DEFENDANT: Yes, sir.
> THE COURT: And this happened in Waukee, Dallas County, Iowa?
> THE DEFENDANT: Yes, sir.
> THE COURT: And again at a given point during this situation you and the other two people you were with had a firearm in their possession?
> THE DEFENDANT: Yes, sir.
> THE COURT: And you had no permission or authority to do this to [the victim]?
> THE DEFENDANT: No, sir.
> . . . .
> THE COURT: . . . I think you admitted earlier, Mr. Lyke, that while you were in the process of kidnapping or taking [the victim] from one place to another against his will, there was a period of time where you actually had the gun in your hand?
> THE DEFENDANT: Yes, sir.
> THE COURT: And that you displayed that firearm in a way to show [the victim] that he had no choice, that you were basically threatening him with the firearm to force him to go where he didn't want to go?
> THE DEFENDANT: Yes, Your Honor, I did.

There is a factual basis to support the kidnapping offense and therefore the ineffective-assistance-of-counsel claim fails.

*B. Minimum sentence for firearm.* "An illegal sentence is one that is not permitted by statute," and, thus, can be corrected at any time. *State v. Gordon*, 732 N.W.2d 41, 43 (Iowa 2007) (citation omitted). Contrary to Lyke's assertion that the district court imposed an illegal sentence, the court was required to impose the dangerous-weapon minimum sentence pursuant to Iowa Code section 902.7.[1]

The trial information alleged the sentencing enhancement for use of a dangerous weapon applied to the charge of intimidation with a dangerous weapon. In pleading guilty to the charge of intimidation with a dangerous weapon, Lyke necessarily admitted to the facts necessary to impose the sentencing enhancement for use of a dangerous weapon.[2] And, as noted at the

---

[1] Section 902.7 provides:

> At the trial of a person charged with participating in a forcible felony, if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person represented that the person was in the immediate possession and control of a dangerous weapon, displayed a dangerous weapon in a threatening manner, or was armed with a dangerous weapon while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until the person has served the minimum sentence of confinement imposed by this section.

In *State v. Iowa District Court*, 308 N.W.2d 27, 29 (Iowa 1981), the supreme court held that where the trial court, in accepting a defendant's guilty plea to the charge of commission of assault while participating in a felony, specifically found that defendant was in possession of a firearm during commission of the crime, the sentencing court was required to impose the minimum sentence of five years' imprisonment.

[2] At the plea hearing, the following colloquy occurred:

> THE DEFENDANT: On February 3rd, 2016, I aided and abetted and provoked fear in a person, and also caused injury with a dangerous weapon inside of an apartment building.
> THE COURT: What kind of a weapon was used?
> THE DEFENDANT: Gun, sir.
> THE COURT: Handgun?
> THE DEFENDANT: Yes.

sentencing hearing by the prosecutor: "With Count 3, the class "C" felony of intimidation with a dangerous weapon, that does require a minimum term of five years to be served by the defendant under section 902.7 of the Code of Iowa. This is because there was use of a handgun in the crime."  We find no error

*C. Ineffectiveness claim that plea counsel did not object to breach of plea agreement.*  Finally, Lyke complains plea counsel was ineffective in failing to object to the State's recommendation to impose the dangerous-weapon sentencing enhancement with respect to the intimidation-with-a-dangerous-weapon charge as a breach of the plea agreement.

In order to establish a claim of ineffective assistance of counsel, Lyke must prove by a preponderance of the evidence both that counsel breached an essential duty and prejudice resulted.  *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015).  "Although claims of ineffective assistance of counsel are generally preserved for postconviction relief hearings, we will consider such claims on direct appeal where the record is adequate."  *Id.* (citation omitted).

As stated above, the enhancement for the intimidation charge was included in the trial information and the trial information was amended to include the enhancement to the kidnapping charge as well.  During the plea proceedings,

THE COURT: At any point during this situation did you actually have a handgun in your hands.
THE DEFENDANT: Yes, sir.
THE COURT: And why did you and any people that were with you have guns with you, what were you using those guns for?
THE DEFENDANT: To scare the victim, sir.
. . . .
THE COURT: You and [the codefendant] had a couple of guns with you and during this interaction you had with the victim you used those guns to intimidate the victim and force the victim to do things against his will?
THE DEFENDANT: Yes, sir.

Lyke's plea counsel agreed with the State's recitation of the plea agreement, which included that "the parties will jointly recommend that [Lyke] serve each of these sentences, and that each sentence be run consecutive to the other two sentences for maximum term of incarceration not to exceed [twenty-five] years." When setting forth the parties' plea agreement, the prosecutor did not say the enhancement would apply to the intimidation charge, nor did she say it would not apply, but we observe the State did not seek to amend the count during the plea proceedings as a part of the plea agreement. Moreover, at the outset of the sentencing hearing the State recited that the offense of intimidation with a dangerous weapon required a minimum term of five years because of use of a handgun and defense counsel concurred with the State's remarks with respect to the sentencing recommendation.

Lyke pled guilty to intimidation with a dangerous weapon. The district court imposed consecutive sentences for a maximum term of twenty-five years. This record is inadequate to conclude plea counsel was ineffective or that the State breached the plea agreement. Lyke's claims shall be preserved for a possible postconviction-relief proceeding. We affirm the convictions and sentences.

**AFFIRMED.**