# IN THE COURT OF APPEALS OF IOWA

No. 17-1851
Filed November 7, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ALFRED JOE RAY GOMEZ,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Todd A. Hensley,

District Associate Judge.

        Alfred Joe Ray Gomez appeals the judgment and sentence entered upon

his conviction of operating a motor vehicle while under the influence, third offense,

as an habitual offender.  **CONVICTION AFFIRMED.  SENTENCE VACATED.**

**CASE REMANDED FOR RESENTENCING.**

        Matthew R. Metzgar of Rhinehart Law, PC, Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.

        Considered by Bower, P.J., McDonald, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**CARR, Senior Judge.**

Alfred Joe Ray Gomez appeals the judgment and sentence entered after he entered an *Alford*[1] plea to operating a motor vehicle while under the influence (OWI), third offense, as an habitual offender. *See* Iowa Code § 321J.2 (2016); *see also id.* §§ 902.8, 902.9(1)(c) (providing minimum and maximum sentences for habitual offenders). He contends his trial counsel was ineffective in failing to file a motion in arrest of judgment challenging the knowing and voluntary nature of his plea. He also contends the court abused its discretion in sentencing him according to the habitual-offender enhancement.

**I. Plea Proceeding.**

Gomez first challenges the knowing and voluntary nature of his plea. Because he did not challenge his plea by motion in arrest of judgment, he raises this claim as one of ineffective assistance of counsel. *See* Iowa R. Crim. P. 2.24(3)(b) (stating that a defendant's failure to challenge the adequacy of a plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal); *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (noting a defendant's failure to file a motion in arrest of judgment does not bar a challenge to a plea if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel). We review this claim de novo. *See Straw*, 709 N.W.2d at 133.

In order to establish a claim of ineffective assistance of counsel, a defendant must show "(1) his trial counsel failed to perform an essential duty, and (2) this

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding "express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty").

failure resulted in prejudice." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Counsel breaches an essential duty by failing to file a motion in arrest of judgment when a defendant's plea was not knowing and voluntary. *See id.* at 134. Prejudice is established if the record shows a reasonable probability that the defendant would not have entered a plea and would have insisted on going to trial if counsel had not breached that duty. *See id.* at 138 (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "Failure to demonstrate either element is fatal to a claim of ineffective assistance." *State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

Iowa Rule of Criminal Procedure 2.8(2)(b) states that before accepting a plea, the court must inform the defendant of, and ensure the defendant understands, the following to determine the plea is made voluntarily and intelligently:

> (1) The nature of the charge to which the plea is offered.
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.
> (3) That a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws.
> (4) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.
> (5) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

The district court engaged Gomez in a plea colloquy for OWI, third offense, with the habitual-offender enhancement. He claims the court failed to advise him of (1) the elements the State was required to satisfy in order to prove the existence

of prior convictions, (2) his trial rights with regard to proving the prior convictions, and (3) his right to challenge a finding of prior convictions with a motion in arrest of judgment. He presents his claims as a challenge to the habitual-offender enhancement. As explained below, applying the habitual-offender enhancement to a conviction for OWI, third offense is an illegal sentence. Therefore, his challenge to the plea colloquy as it relates to the habitual-offender enhancement is moot. However, his challenge to proving the existence of prior convictions survives for purposes of the OWI, third offense conviction.

Even if we presume the colloquy was deficient for the OWI, third offense conviction, the record is insufficient for us to conclude that, but for the deficiency, Gomez would have insisted on trial rather than entering his plea. *See Straw*, 709 N.W.2d at 133; *see also State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006) ("Only in rare cases will the trial record alone be sufficient to resolve the [ineffective-assistance] claim on direct appeal."); *Straw*, 709 N.W.2d at 138 ("[M]ost claims of ineffective assistance of counsel in the context of a guilty plea will require a record more substantial than the one now before us."). Therefore, we preserve his ineffective-assistance claim for purposes of the OWI, third offense conviction for potential postconviction proceedings.

**II. Sentencing.**

Gomez also challenges his sentence under the habitual-offender enhancement. He argues the court abused its discretion in sentencing him. However, after the parties submitted briefing to us, our supreme court held "the habitual offender provisions in sections 902.8 and 902.9 do not apply to OWI, third and subsequent offenses." *Noll v. Iowa Dist. Court*, ___ N.W.2d ___, ___, 2018

WL 5090781, at *1 (Iowa 2018); *see also id.* at *4 ("This holding applies retroactively to all persons sentenced under the amended statute."). Our supreme court has directed us to correct an illegal sentence when it comes to our attention. *See State v. Young*, 292 N.W.2d 432, 435 (Iowa 1980); *see also State v. Gordon*, 732 N.W.2d 41, 43 (Iowa 2007) ("Because an illegal sentence is void, it can be corrected at any time."). Therefore, applying the habitual-offender enhancement to Gomez's conviction for OWI, third offense is an illegal sentence not authorized by statute. We vacate his sentence and remand for resentencing.

### III. Conclusion.

We preserve Gomez's ineffective-assistance claim for purposes of the OWI, third offense conviction for potential postconviction proceedings. His ineffective-assistance claim for purposes of the habitual-offender enhancement is moot. Applying the habitual-offender enhancement to his sentence for OWI, third offense is not authorized by statute. Accordingly, we vacate his sentence and remand for resentencing.

**CONVICTION AFFIRMED. SENTENCE VACATED. CASE REMANDED FOR RESENTENCING.**