# IN THE COURT OF APPEALS OF IOWA

No. 19-0812
Filed May 13, 2020

**RODNEY J. GRAY,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jones County, Patrick R. Grady, Judge.

Rodney Gray appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Anne K. Wilson of Anne K. Wilson Law Office, PLLC, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**AHLERS, Judge.**

Rodney Gray appeals from the summary denial of his application for postconviction relief (PCR). We find his sentence is not illegal and affirm.

In 1996, Gray was convicted of five counts of sexual abuse in the second degree. He was sentenced to terms of incarceration not to exceed twenty-five years on each count, with three of the terms run consecutively to each other and the other two terms run concurrently. On October 7, 2015, Gray filed this application for PCR raising several grounds for relief.[1] On the State's motion, the district court granted summary judgment and dismissed the application, finding it is barred by the statute of limitations. Gray appeals.

"We review postconviction proceedings that raise constitutional infirmities de novo." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). "The standards for summary judgment in postconviction relief actions are analogous to summary judgment in civil proceedings." *Id.* at 793. "Under these standards, summary judgment is proper when the record reveals only a conflict over the legal consequences of undisputed facts." *Id.* "The moving party has the burden of showing the nonexistence of a material fact and the court is to consider all materials available to it in the light most favorable to the party opposing summary judgment." *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002).

Ordinarily, a PCR applicant must file "within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ

---

[1] Gray filed a prior application for PCR, which the district court denied and we affirmed on appeal. *See Gray v. State*, No. 00-696, 2001 WL 1658595, at *1 (Iowa Ct. App. Dec. 28, 2001).

of procedendo is issued." Iowa Code § 822.3 (2015). Gray does not argue he filed his application within this three-year window. Instead, he argues his application raises a challenge to an illegal sentence, which is not subject to the three-year statute of limitations. *See Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010) ("[T]he time restrictions that apply in ordinary postconviction relief actions do not apply in illegal sentence challenges.").

An illegal sentence is "one not authorized by statute." *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). "The exclusion of illegal sentences from the principles of error preservation is limited to those cases in which a trial court has stepped outside the codified bounds of allowable sentencing. In other words, the sentence is illegal because it is beyond the power of the court to impose." *Id.* (quoting *State v. Ceaser*, 585 N.W.2d 192, 195 (Iowa 1998)).

Gray argues his sentence is illegal because all five charges relate to the same offense. He notes both the trial information and the jury instructions used virtually identical language to describe all five counts, all of which involved the same victim in Jones County between January 1993 and June 1995. As such, he claims his sentence violates his constitutional protections against double jeopardy. *See* U.S. Const. amend V (providing no person shall "be subject for the same offense to be twice put in jeopardy"); Iowa Const. art. 1, § 12 ("No person shall after acquittal, be tried for the same offence.").

Confronted with a similar claim, we "tend[ed] to agree" with the State that the applicant raised a substantive challenge to the underlying convictions instead of an illegal sentence. *State v. Sanchez*, No. 13-1989, 2015 WL 4935530, at *1 (Iowa Ct. App. Aug. 19, 2015). However due to "conflicting case law on the issue

of whether this category of claim is a substantive challenge to the conviction or a claim for an illegal sentence," we rejected the claim on the merits. *Id.* (collecting cases). We similarly disregard statute-of-limitations concerns and reject Gray's illegal-sentence claim on the merits.[2]

Gray was convicted of five counts of violating Iowa Code section 709.3(2) (1995), which defines sexual abuse in the second degree as occurring when a person commits sexual abuse on a person under the age of twelve. Sexual abuse includes committing any sex act with a child. Iowa Code § 709.1(3). A sex act includes contact between the mouth, hand, or genitalia of one person and the genitalia of another person. *Id.* § 702.17. Double jeopardy "protects defendants against multiple prosecutions and multiple punishments for the same offense." *State v. Constable*, 505 N.W.2d 473, 477 (Iowa 1993). Double jeopardy is not violated when every separate charge of sexual abuse is supported by a "distinct and separate" sex act. *Id.*; *see also State v. Ross*, 845 N.W.2d 692, 701 (Iowa 2014) (stating double jeopardy is not violated if "substantial evidence supports the jury's verdict that [the defendant's] actions support [all] counts").

In this PCR action, the record consists entirely of the trial transcript and filings for the underlying criminal proceeding. At trial, the complaining party

---

[2] We recognize the PCR court rejected Gray's claim based on the statute of limitations without reaching the merits of Gray's double jeopardy claim. While we tend to agree with the PCR court's conclusion that Gray's challenge is a challenge to the underlying convictions rather than a challenge to an illegal sentence and is time-barred as a result, we choose to follow the lead of *Sanchez* and the cases listed therein and address the merits of the double jeopardy claim even though not directly addressed by the PCR court. *See State v. Gordon*, 732 N.W.2d 41, 44 (Iowa 2007) (noting an illegal sentence "is not subject to normal error preservation rules and can be challenged at any time," even for the first time on direct appeal).

testified to contact between (1) Gray's hand and the party's genitalia; (2) Gray's mouth and the party's genitalia; (3) the party's hand and Gray's genitalia; (4) the party's mouth and Gray's genitalia; and (5) both parties' genitalia. The party testified this contact began around age ten and occurred twenty to thirty times over the next two years. Viewing the record in the light most favorable to Gray, this testimony shows Gray's five separate convictions are supported by at least five separate and distinct instances of sexual abuse on the complaining witness. Because Gray was properly sentenced for five separate convictions of sexual abuse in the second degree, his sentence was not illegal for violating double jeopardy. Therefore, we affirm the grant of summary judgment dismissing Gray's application for PCR.

**AFFIRMED.**