# IN THE COURT OF APPEALS OF IOWA

No. 24-0705
Filed November 13, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THOMAS DEAN JESSE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Andrew Chappell, Judge.

A defendant appeals the surcharge and fine imposed on his conviction for lascivious acts with a child. **SENTENCE VACATED IN PART AND REMANDED FOR ENTRY OF CORRECTED SENTENCE.**

Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Greer, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

In a written guilty plea to lascivious acts with a child, Thomas Jesse admitted that in 2013, he "willingly solicited a child to engage in a sex act for the purposes of arousing or satisfying the sexual desires" of himself or the child. The maximum and minimum punishments for the offense, a class "D" felony in violation of Iowa Code section 709.8 (2013), were set out at the top of the plea form:

> [T]he maximum punishment is an indeterminate 5 year prison sentence and $10,245 fine and the minimum sentence is a suspended 5 year prison sentence, supervised probation and $1,025 fine. There is a 15% surcharge on any fine.

The form also set out the terms of Jesse's plea agreement with the State: "Imposed five year prison sentence; prison sentence ran concurrently to the defendant's term of incarceration in Johnson [C]ounty case FECR132043; $1,205 fine plus applicable surcharges."

Following a combined sentencing hearing in this case and FECR132043,[1] the district court sentenced Jesse to an indeterminate five-year term of incarceration that was consecutive to some counts in FECR132043 and concurrent to others. The court also ordered him to "pay a fine of $1025," along with a "crime services surcharge of 15%" and "a related crimes surcharge of $90." Jesse appeals,[2] claiming (1) the $90 surcharge violated the ex post facto clauses of the

---

[1] Jesse was found guilty of forty counts of second-degree sexual abuse in FECR132043, which involved a different victim. Before the case was transferred to us, the supreme court granted Jesse's motion to sever his appeal in FECR132043 from this appeal.

[2] Because Jesse claims that part of his sentence is illegal, he has good cause to appeal under Iowa Code section 814.6 (2023). *See State v. Heginger*, No. 20-1657, 2021 WL 5105918, at *1 (Iowa Ct. App. Nov. 3, 2021) (finding good cause for appeal where, even though the defendant received the agreed-upon sentence, he claimed part of it was illegal); *see also State v. Gordon*, 732 N.W.2d 41, 44

federal and state constitutions and (2) the court "abused its discretion when it sentenced Jesse to pay a $1025 fine because the record establishes the court was unaware the minimum fine that applied to the offense was $750, not $1025." The State concedes the first issue but contests the second.

## I.    Surcharge

Iowa Code section 911.2B (2023) requires the court to assess a sexual abuse crimes surcharge of ninety dollars for violations of Iowa Code chapter 709. "Section 911.2B became effective on July 1, 2015," after Jesse committed the crime. *State v. Lopez*, 907 N.W.2d 112, 123 (Iowa 2018) (citing 2015 Iowa Acts ch. 96, §§ 15, 17). Because a "surcharge is a form of punishment," imposition of the $90 surcharge enacted after Jesse's crime "increased the penalty for that offense." *Id.* (discussing the two elements required to determine an ex post facto law); *accord State v. Petty,* 925 N.W.2d 190, 197 (Iowa 2019). Jesse is, accordingly, correct that the $90 surcharge is an illegal sentence in violation of the ex post facto clauses of the federal and state constitutions. *See Petty*, 925 N.W.2d at 197. We vacate that portion of the district court's sentence and remand for entry of a corrected sentence. *See id.*

---

(Iowa 2007) (holding that an illegal sentence "is not subject to normal error preservation rules and can be challenged at any time"). *But see State v. Spencer*, No. 23-0844, 2024 WL 3518267, at *1 (Iowa Ct. App. July 24, 2024) (dismissing appeal for lack of good cause where defendant claimed the court "imposed an illegal sentence by suspending the fine on the robbery charge without placing him on probation" because he "received the sentence to which he agreed"). We accordingly have jurisdiction over both of Jesse's claims. *See State v. Rasmussen*, 7 N.W.3d 357, 362–63 (Iowa 2024).

## II.     Fine

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *State v. Wilbourn*, 974 N.W.2d 58, 65 (Iowa 2022) (citation omitted). "We will not reverse a sentence unless there is 'an abuse of discretion or some defect in the sentencing procedure.'" *Id.* (citation omitted). Jesse argues the district court abused its discretion in imposing a $1025 fine because the court mistakenly believed that was the minimum fine for the offense. We disagree.

Generally, "criminal defendants are sentenced based on the law that was in effect at the time the crime was committed." *State v. Louisell*, 865 N.W.2d 590, 604 (Iowa 2015). When Jesse committed the crime in 2013, the minimum fine for a class "D" felony was $750. *See* Iowa Code § 902.9(1)(e) (2013) (setting a fine of at least $750 but not more than $7500). By 2023, when Jesse was sentenced, the minimum fine had increased to $1025. *See id.* § 902.9(1)(e) (2023) (setting a fine of at least $1025 but not more than $10,245). Jesse concedes the fine imposed by the court is within the statutory range under the law in effect at the time of his offense. Yet he argues the record shows the court was unaware it had discretion to impose the lower minimum fine because, among other things, no one "mentioned the lesser penalties that could apply," and the court imposed the $90 surcharge even though that surcharge did not exist when Jesse committed the crime. We reject this argument for two reasons.

First, while the court must "state on the record the basis for the sentence imposed," Iowa R. Crim. P. 2.23(2)(g), the court is "not obligated 'to give its reasons for rejecting particular sentencing options.'" *Wilbourn*, 974 N.W.2d at 67 (citation omitted). "A sentencing court's decision to impose a specific sentence that falls

within the statutory limits is cloaked with a strong presumption in its favor." *Id.* (cleaned up). "Where a court fails to exercise the discretion granted to it by law because it erroneously believes it has no discretion, a remand for resentencing is required." *State v. Lee*, 561 N.W.2d 353, 354 (Iowa 1997). But Jesse has the burden to show the court "was unaware of its discretion to apply a lesser sentence and for that reason failed to exercise its discretion." *Wilbourn*, 974 N.W.2d at 67. And "[i]n the absence of evidence establishing that the district court did not know the relevant minimum fines . . . we will not make such an assumption." *State v. Purdy*, No. 23-0563, 2024 WL 1296267, at *2 (Iowa Ct. App. Mar. 27, 2024). Jesse's argument asks us to infer that the court intended to impose the minimum fine for his offense, but the only time the word "minimum" appears in the record before us was in the section of the guilty plea form listing the minimum and maximum punishments for Jesse's crime. The fact that the parties were unaware of the applicable minimum fine does not show the district court was similarly mistaken. *Cf. Lee*, 561 N.W.2d at 354 (remanding for resentencing when the district court's references to a "statutory required mandated fine" suggested an erroneous belief that it lacked discretion to suspend the fine).

Second, and dispositively, Jesse agreed to the $1025 fine. The section of the guilty plea form that detailed the parties' plea agreement did not tie the amount of the fine to the statutory minimum. While the sentencing judge was not the same judge who accepted Jesse's guilty plea, that written document was in the file before the court at sentencing. And the court specifically stated that it considered "the recommendations made by the State and defense counsel, and any plea agreement." "It is not an abuse of discretion for the court to impose a sentence

consistent with the parties' plea agreement without giving additional reasons for rejecting other sentencing options." *Wilbourn*, 974 N.W.2d at 67. Because the fine imposed "was not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement," *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983),[3] we conclude Jesse's claim fails.

For these reasons, we reject Jesse's claim regarding the fine imposed by the district court, but we vacate the $90 surcharge under Iowa Code section 911.2B and remand for entry of a corrected sentence.

**SENTENCE VACATED IN PART AND REMANDED FOR ENTRY OF CORRECTED SENTENCE.**

---

[3] Jesse argues the reasoning of *Snyder* is flawed. But we "are not at liberty to overturn controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).