**IN THE COURT OF APPEALS OF IOWA**

No. 13-0996
Filed January 28, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**VALENTIN VELEZ,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Richard H. Davidson, Judge.

Valentin Velez appeals the district court's denial of his motion to correct an illegal sentence. **AFFIRMED.**

William J. O'Brien, Omaha, Nebraska, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Matthew Wilber, County Attorney, and Jon Jacobmeier, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, P.J.**

Valentin Velez appeals the district court's denial of his motion to correct an illegal sentence, arguing the judgment and sentence following his guilty plea to two counts of willful injury violated his rights to a speedy indictment and speedy trial. Because Velez's claims do not challenge the legality of his sentence, the district court properly denied Velez's motion, and we affirm.

On February 17, 2011, Velez pled guilty to two counts of willful injury. The district court sentenced him to a term of incarceration not to exceed ten years on each count, to run consecutively. On June 6, 2012, Velez filed a pro se motion to correct an illegal sentence and filed a second motion on May 13, 2013, arguing the district court imposed an illegal sentence because his speedy trial and speedy indictment rights were violated. The district court denied the motions, and Velez appeals.

We review rulings on a motion to correct an illegal sentence for correction of errors at law. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).

Pursuant to Iowa Rule of Criminal Procedure 2.24(5), a defendant can challenge an illegal sentence at any time. Challenges to an illegal sentence include claims that "the punishment meted out was . . . in excess of that prescribed by the relevant statutes, multiple terms were imposed for the same offense . . . [or] the terms of the sentence itself [were] legally or constitutionally invalid in any other respect." *State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009) (quoting *Hill v. United States*, 368 U.S. 424, 430 (1962)). Challenges to a violation of speedy trial or speedy indictment rules do not constitute a challenge to an illegal sentence. *See generally id.* (holding the purpose of reviewing "an

illegal sentence is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence" (internal quotation omitted)).  Consequently, the district court properly denied Velez's motion, and we affirm.

**AFFIRMED.**