# IN THE COURT OF APPEALS OF IOWA

No. 15-0435
Filed March 9, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BENJAMIN W. BARNES,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Montgomery County, Kathleen A. Kilnoski, Judge.

Benjamin Barnes appeals following the denial of his motion to correct an illegal sentence. **AFFIRMED.**

Gary Dickey and Jamie Hunter of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**DOYLE, Presiding Judge.**

Benjamin Barnes appeals following the denial of his motion to correct an illegal sentence. He contends the district court exceeded its authority in imposing a ten-year special sentence under Iowa Code section 903B.2 (2011) in a nunc pro tunc order entered three days after his sentence was issued. We affirm.

In 2012, Barnes pled guilty to lascivious acts with a child. The written guilty plea and waiver of rights states in part:

> **Special Sentence Parole (§903B) and Sex Offender Registry (§692A)**
> All persons convicted under §709 receive the special sentence parole which begins at the end of the original sentence or the end of probation. If the person is successful the 10 year parole can be cut to 4 years 199 days. Lifetime parole means lifetime. If a violation occurs during this parole period, even a technical violation and a parole violation report is filed (Parole officer has some discretion to file a report) and the Administrative Law Judge determines a violation has occurred, then the Judge has no choice but to sentence the violator to a 2 year sentence, no good time. While in prison the time on parole is stayed so when the Defendant gets out they still have all the remaining time. A second or subsequent violation will result in a hard 5 years in prison.

During sentencing, Barnes was granted a deferred judgment. The sentencing order, "pursuant to § 903B.2," also commits Barnes "into the custody of the director of the Iowa Department of Corrections for a period of ten years, with eligibility for parole as provided in chapter 906. This special sentence shall commence upon completion of the sentence imposed for Count I herein."

Two months after pleading guilty, Barnes admitted to violating the terms of his probation. At the probation revocation hearing, the following exchange occurred:

[COUNTY ATTORNEY]: Your Honor, one other thing. In the original order they had some special sentence information on there, and that was taken out. That would need to be put back in I believe.

THE COURT: Because the special sentence will be imposed once he's not under incarceration, not in prison, correct? So you understand that the special sentence is ten years?

MR. BARNES: Yep.

THE COURT: Is still in effect, and that once you're released from prison you're still under the special sentence under Chapter 903B as if you're on parole for ten years after your sentence is discharged in prison. You understand that?

MR. BARNES: Yes.

Barnes consented to immediate sentencing after his probation was revoked. The court imposed a sentence of no more than five years in prison on the lascivious-acts charge before stating: "You are still under the special sentence under 903B.2, and once you are finished with your prison sentence, you will continue to be committed to the Director of the Department of Corrections for a period of ten years with eligibility for parole as provided in Chapter 906." The written sentencing order, however, states: "Pursuant to section 903B.2, defendant is committed to the custody of the director of adult corrections for a *probationary* period of ten years with eligibility for parole as provided in chapter 906. Said *probation* to commence after the completion of defendant's sentence." (Emphasis added.) Three days later, the court issued a nunc pro tunc order, amending the sentencing order to remove the word "probationary" from that sentence and change the word "probation" to "sentence."

Barnes completed his prison sentence on the lascivious-acts charge in 2014 and began serving his special sentence. Some months later, he filed a pro se motion to correct an illegal sentence, alleging the special sentence imposed under section 903B.2 constitutes cruel and unusual punishment and violates the

Double Jeopardy Clause and the Ex Post Facto Clause of the United States Constitution. His motion was denied in an order filed in February 2015.

Now, for the first time, Barnes asserts his sentence is illegal because the district court imposed a special sentence on him in a nunc pro tunc order. He argues the ten-year probationary period the court initially imposed was illegal because it is not authorized by statute. *See State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995) (stating a sentence that is not permitted by statute is illegal). He then argues the special sentence imposed in the nunc pro tunc order is illegal because it imposed an additional sentence, which it lacked authority to do in a nunc pro tunc order. *See State v. Naujoks*, 637 N.W.2d 101, 113 (Iowa 2001) ("An order nunc pro tunc cannot be used to remedy an error in judicial thinking, a judicial conclusion, or a mistake of law.").

The State argues Barnes has failed to preserve error on this issue. Although an illegal sentence may be corrected at any time under Iowa Rule of Criminal Procedure 2.24(5)(a), a sentence is only "illegal" under rule 2.24 if it is not authorized by statute. *See Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). The sentence as amended in the nunc pro tunc order is authorized by section 903B.2. Therefore, Barnes is not challenging an illegal sentence; he is challenging a sentence he alleges was not legally imposed due to procedural errors. Our supreme court has held "a defective sentencing procedure does not constitute an illegal sentence under [rule 2.24(5)(a)]." *Tindell*, 629 N.W.2d at 360. Because his claim of procedural error is being raised for the first time in this appeal of his motion to correct an illegal sentence, which was brought more than two years after his sentence was imposed, the issue is not properly before us for

review.  *See id.* (holding a defendant's claim of procedural error, raised three years after his sentence was imposed, was precluded by the rules of error preservation).

Even if the claim Barnes now raises was properly before us, the district court's use of a nunc pro tunc order to correct Barnes's sentence was proper.

> When a court imposes a sentence which statutory law does not permit, the sentence is illegal, and such a sentence is void and we will vacate it.  However, when a judgment entry incorrectly differs from the oral rendition of the judgment merely as a result of clerical error, the trial court holds the inherent power to correct the judgment entry so that it will reflect the actual pronouncement of the court.  The district court may correct a clerical error in a judgment entry through issuance of a nunc pro tunc order.

*Hess*, 533 N.W.2d at 527 (citations omitted).  Here, the court informed Barnes of the special sentence at the probation revocation hearing, and Barnes stated he understood.  In its oral pronouncement of the sentence, the court stated: "You are still under the special sentence under 903B.2, and once you are finished with your prison sentence, you will continue to be committed to the director of the department of corrections for a period of ten years with eligibility for parole as provided in chapter 906," clarifying that the special sentence would begin once Barnes had completed his prison sentence for his lascivious-acts conviction.  The only discrepancy between the sentence imposed at the hearing and the written sentencing order concerns two erroneous references to probation in the written sentencing order.  "[W]here there is a discrepancy between the oral pronouncement of sentence and the written judgment and commitment, the oral pronouncement of sentence controls."  *Id.* at 528.

The record unambiguously shows the court properly imposed a special sentence pursuant to section 903B.2 and the discrepancy in the written sentencing order was the result of clerical error. Not only is a nunc pro tunc order properly utilized under these circumstances, this is precisely the type of error a nunc pro tunc order is designed to correct. Because Barnes's sentence was legally imposed, we affirm.

**AFFIRMED.**