# IN THE COURT OF APPEALS OF IOWA

No. 18-0078
Filed February 6, 2019

**AMBUS RAY DAVIS, III,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Scott County, Mary E. Howes, Judge.

    Appeal from the summary dismissal of a second application for postconviction relief as time-barred. **AFFIRMED.**

    Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

    Thomas J. Miller, Attorney General, and Aaron Rogers, Assistant Attorney General, for appellee State.

    Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

In 2005, following a bench trial, Ambus Davis was convicted "of first-degree murder, in violation of Iowa Code sections 707.1, 707.2(1), and 707.2(2) (2005); willful injury, in violation of section 708.4(1); and going armed with intent, in violation of section 708.8 in the shooting death of Jalon Thomas." *State v. Davis*, No. 06-0148, 2007 WL 601829, at *1 (Iowa Ct. App. Feb. 28, 2007). This court affirmed his conviction on direct appeal. *Id.* The supreme court denied Davis's application for further review, and procedendo issued April 20, 2007. Davis filed an application for postconviction relief in which he contended, among other things, his trial counsel was ineffective for failing to argue that willful injury could not be used as the predicate felony for the felony-murder rule. The district court denied Davis's application for postconviction relief, and this court affirmed the denial on appeal. *See Davis v. State*, No. 13-1630, 2015 WL 4642053, at *1 (Iowa Ct. App. Aug. 5, 2015). In June 2016, Davis filed a second application for postconviction relief, which the district court summarily dismissed as barred by the statute of limitations. Davis timely filed this appeal.

"Our review of the court's ruling on the State's statute-of-limitations defense is for correction of errors of law." *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). To the extent Davis raises constitutional claims, our review is de novo. *See id.* A statutory claim of ineffective assistance of postconviction counsel is also reviewed de novo. *See Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

There is no constitutional right to postconviction relief. *See Williams v. Pennsylvania*, 136 S. Ct. 1899, 1921 (2016) (Thomas, J., dissenting); *Montgomery v. Louisiana*, 136 S. Ct. 718, 746 (2016) (Thomas, J., dissenting). As such, the

availability of postconviction relief and the terms and conditions of the same are wholly creatures of statute subject to legislative control. The statute at issue here is Iowa Code section 822.3 (2016). It provides an application for postconviction relief

> must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Iowa Code § 822.3.

Davis concedes his second application for postconviction relief was filed more than three years after procedendo issued in his direct appeal. He contends, however, that *Welch v. United States*, 136 S. Ct. 1257 (2016), is a new ground of law that could not have been asserted within the relevant time period. Like the district court, we disagree. The "narrow question" presented in *Welch* was whether the court of appeals erred in denying Welch's application for a certificate of appealability under the Antiterrorism and Effective Death Penalty Act of 1996. 136 U.S. at 1263-64. In answering that question, the Supreme Court discussed and applied *Teague v. Lane*, 489 U.S. 288 (1989), to determine whether a new rule of constitutional dimension would be applicable to "those cases which have become final before the new rule[ ] [is] announced." *Id.* at 1264 (quoting *Teague*, 489 U.S. at 310)). *Welch* simply has no application to this case. The district court did not err in concluding the same.

Even if not time-barred, Davis's claims fare no better on the merits. The gravamen of Davis's application for postconviction relief is that the rule announced in *State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), should be applied

retroactively to his case. He has stuffed this substantive claim into several different envelopes—ineffective assistance of counsel, equal protection, and illegal sentence. The different envelopes all arrive at the same destination: the claims fail on the merits. *See* Iowa Code § 822.3; *Nguyen v. State*, 878 N.W.2d 744, 758 (Iowa 2016) ("We agree with the State that defendants whose convictions became final before the law changed in *Heemstra* are not similarly situated to defendants charged after *Heemstra*. Nguyen was not denied equal protection of the laws under the Iowa Constitution."); *Goosman v. State*, 764 N.W.2d 539, 545 (Iowa 2009) (holding the "limitation of retroactivity announced in *Heemstra* to cases on direct appeal where the issue has been preserved did not violate federal due process"); *Tindell v. State*, 629 N.W.2d 357, 360 (Iowa 2001) ("His claim of procedural error is not a claim of illegal sentence, and therefore, it is precluded by our normal error-preservation rules."); *Wright v. State*, No. 16-0275, 2017 WL 1401475, at *4 (Iowa Ct. App. Apr. 19, 2017) ("Our supreme court had the authority to limit the retroactive application of *Heemstra*. It has done so, distinguishing those cases on appeal where error was preserved and a potentially meritorious legal claim was presented and those cases where error was not preserved and no legal claim or no meritorious legal claim was presented. The equal protection clause does not require that these dissimilar cases be treated the same."); *Pickett v. State*, No. 14-2053, 2015 WL 5970034, at *2 (Iowa Ct. App. Oct. 14, 2015) ("Pickett's motion for correction of an illegal sentence was, at its core, yet another attempt to have *Heemstra* applied retroactively to his case—a claim that was rejected by the Iowa Supreme Court in his appeal from the dismissal of his second postconviction-relief application."); *Hillman v. State*, No. 14-0158, 2015 WL 5278929, at *2-3 (Iowa

Ct. App. Sept. 10, 2015) (rejecting a claim that *Heemstra* should be applied retroactively based on due process and separation of powers under the Iowa Constitution and equal protection under the Iowa and federal constitutions); *Davis*, 2015 WL 4642053, at *2 (rejecting the claim counsel was ineffective in failing to raise the felony-murder issue subsequently decided in *Heemstra*); *Memmer v. State*, No. 11-0513, 2012 WL 2406129, at *2 (Iowa Ct. App. June 27, 2012) (rejecting *Heemstra*-illegal-sentence claim as "simply his prior ineffective-assistance-of-counsel claim recast").

We have considered each of Davis's arguments whether or not set forth in full herein, and we find no error.  We affirm the district court's dismissal of Davis's second application for postconviction relief.

**AFFIRMED.**