# IN THE COURT OF APPEALS OF IOWA

No. 19-2145
Filed November 3, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KENNETH WAYNE BAYSDON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Plymouth County, Tod Deck, Judge.

Defendant appeals his conviction for assault with intent to commit sexual abuse.

**APPEAL DISMISSED.**

Judy L. Freking of July L. Freking, P.C., Le Mars, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**CARR, Senior Judge.**

Kenneth Baysdon appeals his conviction for assault with intent to commit sexual abuse. Baysdon did not file a motion in arrest of judgment and has not presented evidence that he fits within an exception to the requirement to file such a motion prior to challenging his guilty plea. We dismiss his appeal.

On July 3, 2019, Baysdon was charged with sexual abuse in the third degree, a class "C" felony. On September 26, he signed a written guilty plea to assault with intent to commit sexual abuse, in violation of Iowa Code section 709.11(3) (2019), an aggravated misdemeanor. In the written plea, Baysdon agreed to:

> Incarceration for a period of two (2) years in prison, with credit for time previously served. Pursuant to Code of Iowa § 903B.2, the defendant will be subject to an additional special sentence of ten (10) years to be served as if on parole following the completion of the two (2) year sentence above.

The court accepted Baysdon's guilty plea, finding the plea was made voluntarily and intelligently. The court sentenced Baysdon to a term of imprisonment not to exceed two years, suspended, and placed him on probation. Baysdon was additionally given a special sentence under section 903B.2 for a period of ten years. Baysdon now appeals.

Baysdon claims the written plea agreement did not adequately inform him of the special sentence. He states his plea was not voluntary because the written plea did not comply with Iowa Rule of Criminal Procedure 2.8(2)(b), as it misstated the maximum penalty by failing to inform him of the ten-year special sentence. He also claims the court should have no discretion under the rule to waive an in-court colloquy regarding special sentences.

Iowa Rule of Criminal Procedure 2.24(3)(a) provides, "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Baysdon did not file a motion in arrest of judgment, which precludes his ability to challenge the guilty plea proceedings.

There is an exception when a defendant is not adequately advised of the consequences of failing to file a motion in arrest of judgment. *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021). The written plea informs Baysdon he was required to file a motion in arrest of judgment in order to contest the guilty plea. The plea states, "By having sentence imposed today [thereby waiving his right to file a motion in arrest of judgment], I will never be able to challenge this plea of guilty, and I will be giving up my right to directly appeal my guilty plea. I waive this right." We conclude Baysdon "was adequately advised of the necessity of filing in a motion in arrest of judgment to challenge his guilty plea and the consequences of failing to do so." *See id.* at 109–10. Baysdon was advised of his right to file a motion in arrest of judgment and the failure to file a motion would preclude his ability to challenge his guilty plea on appeal. He waived the right to file a motion in arrest of judgment and requested immediate sentencing.

There is also an exception to the requirement to file a motion in arrest of judgment when the failure to file the motion is due to ineffective assistance of counsel. *Id.* at 109. Baysdon makes a passing reference to ineffective assistance of counsel but does not present an argument on this issue in his brief on appeal. His failure to make an argument

on this issue waives the issue.[1]  *See* Iowa R. App. P. 6.903(2)(g)(3); *State v. Taylor*, No. 20-1062, 2021 WL 3894185, at *1 n.3 (Iowa Ct. App. Sept. 1, 2021) (noting the random mention of an issue is not sufficient to raise the issue on appeal).

Baysdon additionally claims that because his guilty plea was not knowing and voluntary, the resulting sentence is illegal, and he is not required to file a motion in arrest of judgment.  He points out that an illegal sentence can be challenged at any time.  *See* Iowa R. Crim. P. 2.24(5)(a); *Sahinovic v. State*, 940 N.W.2d 357, 360 (Iowa 2020).  An illegal sentence is "one not authorized by statute."  *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).  There is a distinction between an illegal sentence and a sentence illegally imposed.  *Id.*  Only illegal sentences may be challenged at any time.  *Id.*  Baysdon does not claim there was no statutory authority for his sentence; he claims his sentence was illegally imposed, as a consequence of a claimed invalid guilty plea.  Therefore, his challenge is not one that may be raised at any time.

We determine Baysdon's claims challenging his guilty plea may not be considered because he has not filed a motion in arrest of judgment and has not presented evidence that he fits within an exception to the requirement to file such a motion prior to challenging his guilty plea.  We must dismiss his appeal for want of authority to consider it.

**APPEAL DISMISSED.**

---

[1] We also note Iowa Code section 814.7 (Supp. 2019) provides that an ineffective-assistance claim "shall not be decided on direct appeal from the criminal proceedings." These claims may only be considered in postconviction-relief proceedings.  Iowa Code § 814.7; *State v. Tucker*, 959 N.W.2d 140, 151 (Iowa 2021).