# IN THE COURT OF APPEALS OF IOWA

No. 20-0551
Filed December 15, 2021

**THOMAS RAY DAVIS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____


Appeal from the Iowa District Court for Polk County, Coleman McAllister,

Judge.


Thomas Ray Davis appeals the summary dismissal of his third application

for postconviction relief. **AFFIRMED.**


Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee State.


Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

Thomas Ray Davis appeals the dismissal of his third application for postconviction relief (PCR). Davis's application was not timely, and we affirm.

## I. Background Facts & Proceedings

In 2006, Davis was convicted of four counts of third-degree sexual abuse. The court imposed four concurrent sentences of twenty-five years of imprisonment with an eighty-five-percent mandatory minimum—enhanced under Iowa Code section 901A.2(3) (2005) from the standard "C" felony ten-year sentence based on Davis's prior felony conviction of a sexually-predatory offense. The court also imposed a lifetime special sentence under Iowa Code section 903B.1.

This court affirmed Davis's convictions in *State v. Davis*, No. 06-1496, 2007 WL 4553477, at *1 (Iowa Ct. App. Dec. 28, 2007) (*Davis I*), and procedendo issued in February 2008. Davis filed an application for PCR alleging ineffective assistance of trial counsel and adding claims of ineffective assistance by PCR counsel on appeal; we affirmed the dismissal of the application. *Davis v. State*, No. 10-0518, 2012 WL 299470, at *1 (Iowa Ct. App. Feb. 1, 2012) (*Davis II*). In November 2014, Davis filed a second PCR application alleging ineffective assistance by first PCR counsel, which the district court dismissed as untimely under Iowa Code section 822.3.

In 2017, Davis filed a motion to correct an illegal sentence, arguing the special sentence imposed under chapter 903B violated the ex post facto clauses of the Iowa and federal constitutions. *See State v. Davis*, No. 17-1657, 2018 WL

5839647, at *1 (Iowa Ct. App. Nov. 7, 2018) (*Davis III*).[1]  Davis did not challenge the section 901A.2(3) enhancement.  The State conceded the ex post facto issue, and the court vacated that portion of Davis's 2006 sentence.

Counsel was appointed for the resentencing, and counsel filed his appearance one week before the hearing.  On August 16, Davis was resentenced to four concurrent twenty-five-year terms with no special sentence.

One month later, Davis filed another motion to correct illegal sentence, this time challenging the section 901A.2(3) enhancement as an improper amendment to his original trial information.  *Id.*  The district court deemed it "a de facto motion of appeal."  *Id.*  When the appeal was transferred to this court, we found the second motion "raised a new, different issue" and remanded to the district court to rule on the second motion.  *Id.*  Procedendo issued on December 20, 2018.

On remand in May 2019, the district court denied the motion.  The court found Davis was challenging a procedural issue preceding sentencing and not asserting the sentence was invalid or not authorized by law.  The court held the claim was "not properly before the court on a motion to correct illegal sentence."  The court also addressed and rejected Davis's claim on the merits, finding no deficiency of process.  Davis did not appeal.

On August 23, Davis filed a new application for PCR, alleging ineffective assistance by resentencing counsel for not challenging the use of his prior conviction to enhance his sentences.  Davis claimed resentencing counsel should

---

[1]  The acts underlying the convictions occurred between March 1 and September 15, 2005, and Iowa Code section 903B.1 was not enacted until July 1, 2005.  *See Davis II*, 2018 WL 5839647, at *1.

have argued for a sentence free of the 901A.2 enhancement but counsel told him the enhancement challenge should be kept for a PCR application.

The State filed a motion to dismiss based on the limitations period of Iowa Code section 822.3 (2019). Davis represented himself at his PCR hearing. The court granted the State's motion, dismissing Davis's application as untimely. Davis appeals.

## II. Standard of Review

"We normally review postconviction proceedings for errors at law. This includes summary dismissals of applications for [PCR]." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011) (citation omitted). Because this appeal is based on an issue of statutory interpretation, our review is for correction of errors at law. *Sahinovic v. State*, 940 N.W.2d 357, 359 (Iowa 2020).

## III. Analysis

Davis asserts the section 822.3 limitations period does not apply as he is challenging the enhanced sentence imposed at his resentencing hearing rather than the underlying conviction. He claims the trial court erred in failing to conduct a full colloquy about his prior conviction and, as a result, "was without the authority to impose this sentence," and the misapplication of the enhancement resulted in an illegal sentence. Davis did not argue his prior conviction did not qualify as an enhancing offense under section 901A.2 or that the sentence was otherwise not authorized by statute.

While an illegal sentence may be challenged at any time, "a defective sentencing procedure does not constitute an illegal sentence under [Iowa Rule of Criminal Procedure 2.24(5)(a)]." *Tindell v. State*, 629 N.W.2d 357, 360 (Iowa

2001) (emphasis omitted). "[T]he purpose of allowing review of an illegal sentence is 'to permit correction at any time of an illegal *sentence*, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of the sentence.'" *State v. Bruegger*, 773 N.W.2d 862, 871–72 (Iowa 2009) (citation omitted). "[W]here the defendant files . . . a motion to correct an illegal sentence resulting in a resentencing, the conviction has never ceased to be final and the section 822.3 clock does not restart." *Sahinovic*, 940 N.W.2d at 361 n.3. "[O]bjections must be raised at the earliest opportunity after the grounds for the objection become apparent." *Tindell* 629 N.W.2d at 359. "Allowing convictions to be reopened for no other reason than the fact that the same defendant went through a resentencing would undermine the state's 'legitimate interest in preventing the litigation of stale claims.'" *Sahinovic*, 940 N.W.2d. at 360 (citation omitted).

Davis is in effect asserting performance of his *trial* counsel was deficient in failing to object to a procedural issue, and he is trying to use his resentencing to bypass the section 822.3 limitations period by asserting resentencing counsel should have challenged the 2008 enhancement. Any challenge to the colloquy or enhancement was required to be brought within three years of procedendo from Davis's initial appeal. Davis did not challenge the imposition of the enhancement on direct appeal or in his first PCR application, which was filed within the limitations period.

Davis raises no valid claim of ineffective assistance by *resentencing* counsel. The finality of the colloquy on the applicability of the 901A.2 enhancement was not disturbed by Davis's successful motion to correct an illegal sentence relating to a separate part of his sentence. His application is untimely.

We affirm the dismissal of Davis's PCR application.

**AFFIRMED.**