# IN THE COURT OF APPEALS OF IOWA

No. 21-1748
Filed September 21, 2022

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**EMMANUEL TERRILL PLEDGE,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Linn County, Nicholas L. Scott, District Associate Judge.

 Emmanuel Pledge appeals his sentence in a criminal conviction that was to run consecutively to the not-yet-imposed sentence of a different conviction. **CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED FOR RESENTENCING.**

 Mark C. Meyer, Cedar Rapids, for appellant.

 Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

 Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

We must decide whether the imposition of consecutive sentences under the unique circumstances of this case was illegal.

## I. *Background Proceedings*

Emmanuel Pledge pled guilty to domestic abuse (enhanced) in case number FECR140949. The agreement stated the sentence would run concurrently with the sentence in another case. The agreement said nothing about a third case, numbered, AGCR141183, or about consecutive sentencing with the sentence in AGCR141183.

On the same day, Pledge pled guilty to operating a motor vehicle without the owner's consent in case number AGCR141183. That plea agreement stated the sentence would be "consecutive to FECR140949."

Sentence in AGCR141183 was imposed the same day. The sentence ran consecutively to the yet-to-be-imposed sentence in FECR140949, which was not entered until eleven days later.

Pledge filed a pro se notice of appeal. His trial attorney moved to withdraw, citing a breakdown in the attorney-client relationship. The district court granted the motion.

Meanwhile, the supreme court remanded the case for appointment of appellate counsel. The district court named an attorney to represent Pledge on appeal. On its own motion, the supreme court then questioned "whether it has jurisdiction over this appeal." The court directed the parties to address the issue. The case was transferred to the court of appeals for disposition.

## II.     Jurisdiction

Iowa Code section 814.6A(1) (2021) states, "A defendant who is currently represented by counsel shall not file any pro se document, including a brief, reply brief, or motion, in any Iowa court."  Pledge was represented by counsel when he filed his pro se notice of appeal.

Pledge points to recent precedent authorizing delayed appeals under similar circumstances.  *See State v. Newman*, 970 N.W.2d 866, 868–69 (Iowa 2022); *State v. Jackson-Douglass,* 970 N.W.2d 252, 254–55 (Iowa 2022), *reh'g denied* (Mar. 10, 2022); *State v. Davis*, 969 N.W.2d 783, 785–88 (Iowa 2022).  The State counters that Pledge "did not really show an intent to appeal, and consequently a delayed appeal should not be granted in this case."

The supreme court has permitted a pro se appeal to go forward where a defendant "expressed a good faith intent to appeal before the appeal deadline but failed to timely perfect the appeal due to state action or circumstances beyond his control."  *Davis*, 969 N.W.2d at 787.  Pledge timely filed what he styled a "Notice of Appeal."  Although the notice did not make reference to the sentences that are the subject of this appeal, his trial attorney had the ability to rectify the omission by filing a supplemental notice of appeal.  Indeed, the pro se notice was received by counsel and cited in his motion to withdraw.  No supplemental notice was filed before the district court granted the withdrawal motion.  *See Jackson-Douglass*, 970 N.W.2d at 255 ("[P]lea counsel's failure to file a notice of appeal after the defendant unequivocally expressed an intent to do so is a circumstance outside the defendant's control and serves as grounds for allowing delayed appeal.").  We conclude the appellate courts have jurisdiction over the appeal.

### III. Imposition of Consecutive Sentences

Pledge argues, "Iowa Code section 901.8 does not allow [a] judge to impose a sentence to run consecutive with a sentence that (1) has not been earlier imposed nor (2) is contemporaneously imposed." The State concedes "there was a procedural error in the imposition of the sentences" but raises several procedural hurdles to consideration of the merits.

First, the State argues, "despite the error," the appeal should be dismissed because the appeal implicates Pledge's guilty plea and "an agreed to sentence," and he failed to establish good cause for an appeal from a guilty plea, as required by Iowa Code section 814.6(1)(a)(3). The State rests its argument on *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). There, the supreme court held that "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *Damme*, 944 N.W.2d at 105. The State suggests that the holding is limited to circumstances where the defendant "received a discretionary sentence that was neither mandatory *nor agreed to as part of her plea bargain*." *Id.* (emphasis added). "Here," the State argues, "Pledge agreed to the imposition of his current sentences as part of his plea agreement," foreclosing reliance on the holding of *Damme*. *See State v. Riley*, No. 19-1317, 2021 WL 1662419 at *1–2 (Iowa Ct. App. Apr. 28, 2021) (noting the defendant "agreed to the imposition of consecutive sentences as part of his plea agreement," precluding a finding of good cause to appeal). While the State's argument has some appeal, *Damme* contains the following additional language: "A sentencing error invariably arises after the court has accepted the guilty plea. *This timing* provides a legally sufficient reason to appeal

notwithstanding the guilty plea." *Damme*, 944 N.W.2d at 105 (emphasis added). And, after *Damme*, the court expressed a reluctance "to parse or bifurcate the specific sentencing errors alleged when determining good cause." *State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022). Pledge's challenge falls within the interstices of *Damme* and *Wilbourn*. Pledge is not challenging the plea agreement providing for a consecutive sentence. He is challenging the timing of the imposition of a consecutive sentence. We conclude the timing issue constitutes a sufficient basis for appealing the sentence.

The State next contends, "even if this Court were to find that [Pledge] can meet the good cause requirement . . . Iowa Rule of Criminal Procedure 2.25(a) . . . does 'not allow challenges to sentences that, because of procedural errors, are illegally *imposed*.'" This is not such a case. *Cf. State v. Heard*, 934 N.W.2d 433, 446 (Iowa 2019) (stating the defendant's challenge to procedural jury instruction requirements was "not an attack on an illegal sentence"); *Tindell v. State*, 629 N.W.2d 357, 359–60 (Iowa 2001) (concluding the court's "failure to reaffirm the guilty plea" was not a claim of illegal sentence). Pledge contends the imposition of a consecutive sentence with a yet-to-be-imposed sentence was illegal. His argument may be raised on appeal.

The State finally argues "Pledge implicitly waived the very error he alleges" by failing to "complain that the sentencing of the FECR140949 conviction was being done on a different date." We are not persuaded. Pledge agreed to have the sentences in the two cases run consecutively. The sentence in AGCR141183 was imposed; the sentence in FECR140949 was not. And when the sentence in FECR140949 was ultimately imposed, the order made no mention of running it

consecutively to the sentence in AGCR141183. Pledge did not have to complain about the court's scheduling to pursue his challenge to the imposition of consecutive sentences. We proceed to the merits.

Pledge asserts "[t]here is no authority in Section 901.8 for a judge to order [his] first sentence to be served consecutive to the second or further sentence. He continues, "[u]nder Section 901.8, for consecutive sentences to be validly imposed, the second sentence imposed, the FECR case, would have to provide for consecutive sentences, and it did not." Finally, he "asserts that if he is resentenced, the double jeopardy protections prevent him from receiving a longer sentence than the two-year suspended sentence (not consecutive) that could have been legally imposed in the AGCR case and no longer than the two-year suspended sentence that was imposed in the FECR case." The State reprises its contention that "Pledge's complaint lies with the procedure by which the court imposed it" and, "[b]ecause his sentence was not illegal, his claim . . . must fail." Having addressed the State's argument, we proceed to Pledge's contentions.

Iowa Code section 901.8 states in pertinent part, "If a person is sentenced for two or more separate offenses, the sentencing judge may order the second or further sentence to begin at the expiration of the first or succeeding sentence." Here, there was no second or further sentence at the time consecutive sentencing was ordered. *See State v. Liendo*, No. 10-0920, 2011 WL 446550, at *3 (Iowa Ct. App. Feb. 9, 2011) ("We agree with [the defendant's] contention that the court cannot order a sentence to run concurrently with a sentence that has neither been earlier imposed nor is contemporaneously imposed."). And, when the second sentence was imposed, the order made no mention of running it consecutively to

the sentence in AGCR141183. Finally, the plea in the AGCR case did not bind the court to accept consecutive sentencing.

We conclude a remand for resentencing is required. We are left with Pledge's contention that double-jeopardy principles limit the court to imposing concurrent sentences. "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *State v. Naujoks*, 637 N.W.2d 101, 113 (Iowa 2001). "This clause protects against successive prosecutions after acquittal or conviction." *Id.* Pledge's case does not implicate successive prosecutions. *Cf. id.* (concluding a nunc pro tunc order changing findings of guilt for third-degree burglary to findings of guilt for second-degree burglary violated the Double Jeopardy Clause). The case requires the exercise of discretion to determine whether the sentence in FECR140949 should run consecutively to the sentence in AGCR141183. We remand for resentencing in light of that question.

**CONVICTIONS AFFIRMED, SENTENCES VACATED, AND REMANDED FOR RESENTENCING.**