# IN THE COURT OF APPEALS OF IOWA

No. 23-1362
Filed July 3, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JUAN ESCOBEDO HERNANDEZ, JR.,**
    Defendant-Appellant.
_____

   Appeal from the Iowa District Court for Wapello County, Kirk Daily, Judge.


   A criminal defendant attempts to appeal his sentence following a guilty plea.

**APPEAL DISMISSED.**


   John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

   Brenna Bird, Attorney General, and Bridget A. Chambers (until withdrawal)

and Tim Hau, Assistant Attorneys General, for appellee.


   Considered by Tabor, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Juan Escobedo Hernandez Jr. cashed fraudulent checks at an Ottumwa grocery store. He eventually pled guilty to forgery, a class "D" felony in violation of Iowa Code section 715A.2(2)(a) (2022), as part of a binding plea agreement under Iowa Rule of Criminal Procedure 2.10. The agreed-upon sentence was a suspended prison term and probation "for a period of five years." Both parties waived presence at sentencing, and Hernandez requested the court "to sentence [him] immediately."

Hernandez received the agreed-upon sentence in a written sentencing order. A subsequent order specified Hernandez "waived preparation of the presentence investigation [(PSI)] report prior to sentencing" and noted the court granted that request. Hernandez attempts to appeal, and the State moves to dismiss for lack of good cause.

The General Assembly has limited our jurisdiction of guilty-plea appeals, other than for class "A" felonies, to cases in which "the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3). In *State v. Tucker*, the supreme court clarified that "good cause" means a "legally sufficient reason," which is "a reason that, at minimum, would allow a court to provide some relief on direct appeal." 959 N.W.2d 140, 153 (Iowa 2021).

So can we provide any relief here? We conclude the answer is "no." Although there are a few potential grounds for this conclusion in the case before us, we elect to resolve the claim based on our error-preservation rules. The supreme court has held that challenges regarding a PSI allege defects in the sentencing procedure rather than contending a sentence is inherently illegal. *See*

*Tindell v. State*, 629 N.W.2d 357, 360 (Iowa 2001). As a result, our normal error-preservation rules apply to claims challenging the PSI procedure. *See State v. Gordon*, 921 N.W.2d 19, 23 (Iowa 2018).

In this case, Hernandez requested immediate sentencing, waived his right to any waiting period between plea and sentence (including the standard fifteen days), and checked the box for "not applicable" concerning use or waiver of the PSI. Under these circumstances, we conclude Hernandez failed to preserve error on any challenge concerning the PSI procedure. *See id.*; *see also Coonrad v. State*, No. 12-2143, 2013 WL 5760622, at *1–2 (Iowa Ct. App. Oct. 23, 2013) (finding error was not preserved under similar circumstances). Because Hernandez did not preserve error, we cannot provide any form of relief and Hernandez failed to establish good cause. We dismiss this attempted appeal. *See State v. Jones*, No. 22-2057, 2024 WL 1296261, at *3 (Iowa Ct. App. Mar. 27, 2024) (coming to the same conclusion on a similar PSI claim, also noting an issue of waiver or invited error).

**APPEAL DISMISSED.**