# IN THE COURT OF APPEALS OF IOWA

No. 23-1059
Filed July 3, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON CURTIS VOSHELL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Dubuque County, Robert J. Richter,

Judge.

        A criminal defendant appeals his discretionary sentence following a guilty

plea. **AFFIRMED.**

        Kent A. Simmons, Bettendorf, for appellant.

        Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee.

        Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

Jason Curtis Voshell sexually assaulted a twenty-one-year-old woman at a pool party. When a group of people including the victim posed for a photo in the pool, Voshell swam up behind the victim, slid her bikini bottoms down, and rubbed his penis against her exposed vagina for approximately two minutes. Voshell later told another attendee he "put [his] finger in [the victim's] pussy" but denied intentionally assaulting her when questioned by police.

The Dubuque County Attorney charged Voshell with sexual abuse in the third degree, a class "C" felony in violation of Iowa Code section 709.4(1)(a) (2020). Voshell eventually pled guilty to assault with intent to commit sexual abuse without injury, an aggravated misdemeanor in violation of Iowa Code section 709.11(3). The plea agreement provided for open sentencing—both the State and Voshell could argue for any sentence. And the presentence investigation report (PSI) recommended a suspended prison sentence and probation. Before sentencing, the district court received a victim impact statement, typed by the victim's mother, that described the impact of the offense on the victim.

At sentencing, the State recommended a two-year prison sentence while Voshell asked for a deferred judgment and probation. The district court imposed a one-year jail sentence with all but 180 days suspended. And it gave the following explanation of reasons for sentencing:

> Okay. Mr. Voshell, when I make a decision about what the appropriate sentence is in every case, I have to consider several factors. And these are the factors that I'm considering when I come up with this sentencing plan for you.

I do consider your age, whether you're old enough to know better, that sort of thing. Clearly I think at this point you should have understood that you can move past criminal behaviors when you're an adult and should know better. I do consider your family situation and the impact that a sentence would have on your current family situation. So I do consider the upcoming birth of your child and the fact that you currently have a child that you are taking care of. I also consider the need to recognize that this will have an impact on your employment, both current and future.

But I have to balance all of that against several other factors. The need for deterrence. I don't want to see this happen again. Rehabilitation—to make sure that you are going to be a productive member of our community. Also the nature of the charge, your criminal history, and harm to any victim.

Here there is no doubt that someone who is touched inappropriately and assaulted with the sexual intent suffers trauma. That's the reality of crimes like that. And I believe everything that's written out in the victim impact statement about what the mother has observed of the victim. I also understand that maybe you are sincere with what you're saying; so I don't doubt that. But there is an element of this that the community is watching, and people need to know that if you do things like this, there's going to be consequences. You need to know that as well.

And so when I balance everything out and recognize all of those factors, I find that the appropriate sentence is a 365-day jail sentence. It will be suspended with the exception of 180 days in jail. So you're going to serve 180 days in jail. The rest of the suspended sentence you'll be on formal probation for two years. I will enter a fine of $1,000, a civil penalty of $260, impose the special sentence, and the sex offender registry requirements.

All in all, Mr. Voshell, I don't think this should be viewed by you as a reflection of what I think you can be in the future just because I'm imposing a jail sentence and not giving you a deferred or completely suspended sentence. It's just an acknowledgement of actions have consequences. And for you this is what it is.

The court also delayed mittimus so that Voshell could have time at home with a child expected in the near future. But the court denied Voshell's request to serve the jail sentence as home confinement.

Voshell appeals, raising an issue concerning the victim impact statement and the court's discretion in selecting a sentence.

**Victim impact statement.** Voshell first argues the victim impact statement, written by the victim's mother rather than the victim personally, should not have been considered by the sentencing court. *See* Iowa Code § 915.10(3) (defining "victim"). The State contests error preservation because Voshell did not object below. We conclude Iowa case law implicitly supports the State's position and a criminal defendant must object to preserve a claim that a victim impact statement is not authorized by statute.

Our court addressed a bit of a mirror for this issue in *State v. Williams*, an unpublished case where the defendant wanted a relative falling within the statutory definition of victim to make a statement before sentencing that might have been mitigating. No. 18-1402, 2019 WL 2144771, at *1 (Iowa Ct. App. May 15, 2019). We held that, because Williams was challenging the sentencing procedure rather than the legality of the sentence, he had to preserve error and we could not reach his claim. *Id.* at *1; *see State v. Carter*, No. 22-1016, 2023 WL 2673226, at *3 (Iowa Ct. App. Mar. 29, 2023) ("[W]hile many sentencing issues defy the normal rules of error preservation, this one doesn't. Without any objection from [the defendant] at the sentencing hearing, the court could consider the victim impact evidence." (internal citation omitted)). In an analogous case, the supreme court considered whether sentencing counsel was ineffective for not objecting to victim impact statements given by persons who fell outside the scope of the statutory definition of "victim." *State v. Tesch*, 704 N.W.2d 440, 450 (Iowa 2005). The contortions of an ineffective-assistance claim would not have been necessary if the claim did not require error preservation and could have been raised as a direct-appeal sentencing challenge, which supports the State's position here.

Much like in *Williams*, we conclude here that Voshell's challenge is to the sentencing procedure rather than the legality of the sentence itself, and he was required to object "at the earliest opportunity after the grounds for the objection become apparent." *See* 2019 WL 2144771, at *1 (quoting *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001)). This is distinct from other sentencing challenges with lessened error-preservation requirements where we do not require defendants to object mid-stream as the court exercises its discretion and announces reasons for sentencing. *See State v. Gordon*, 921 N.W.2d 19, 22–23 (Iowa 2018) (collecting cases on error preservation at sentencing). Unlike a reasons-for-sentence error, Voshell had the opportunity to object earlier in the hearing when the court asked his attorney whether they had reviewed the victim impact statement—and rather than object, Voshell's counsel confirmed he and his client had reviewed the statement. Because a challenge to whether a victim impact statement complied with the statute is a sentencing-procedure challenge that must be preserved, we cannot reach Voshell's claim.

**Abuse of discretion.** Voshell also contends the district court abused its discretion and alleges the court considered only one factor—deterrence—when imposing sentence. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). To show an abuse of discretion, a defendant bears the burden to affirmatively show that the district court relied on improper factors or clearly untenable grounds. *State v. Sailer*, 587 N.W.2d 756, 759, 762 (Iowa 1998).

While Voshell maintains the sentencing court considered deterrence to the exclusion of all other potential factors, we do not read the transcript the same way. The court expressly acknowledged Voshell's age and maturity, family circumstances, employment, prospects for rehabilitation, and (relatively sparse) criminal history—in addition to the need for general and specific deterrence, the nature of the offense, and the harm to the victim. This is essentially a textbook-proper list of sentencing considerations. *See* Iowa Code § 907.5(1). We discern no abuse of discretion.

Voshell also claims the judge had a fixed sentencing policy. But we see nothing in the court's statements to suggest a fixed sentencing policy for cases involving sexual assault, and we have no reason to believe the court would not impose a sentence of probation in a case where pertinent factors warranted it. Our conclusion is buttressed by the fact Voshell did not receive the prison sentence recommended by the State or the suspended prison sentence recommended by the PSI, which suggests some mitigating factors outweighed some aggravating factors. And we find this record is easily distinguished from fixed-sentencing-policy cases. *See, e.g.*, *State v. Hildebrand*, 280 N.W.2d 393, 395 (Iowa 1979) (finding a fixed sentencing policy where the court announced it would not grant deferred judgments in cases that involved car accidents).

**AFFIRMED.**