# IN THE COURT OF APPEALS OF IOWA

————————

No. 25-1705
Filed May 27, 2026

————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Trevion Arshawn Jones,**
Defendant–Appellant.

————————

Appeal from the Iowa District Court for Wapello County,
The Honorable Susan Cole, Judge.

————————

**AFFIRMED**

————————

Austin Jungblut of Parrish Kruidenier, L.L.P., Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, attorneys for appellee.

————————

Considered without oral argument
by Tabor, C.J., and Chicchelly and Sandy, JJ.
Opinion by Sandy, J.

1

**SANDY, Judge.**

Trevion Jones challenges a sentence he negotiated and a fine he says should have been larger. Finding no abuse of discretion in the first challenge and a constitutional bar to the second, we affirm.

## BACKGROUND FACTS AND PROCEEDINGS

In the early morning hours of April 15, 2019, officers of the Ottumwa Police Department executed a search warrant at Jones's residence. Inside his room, officers located a black safe containing two zipped plastic bags holding more than thirty-two grams of marijuana, two containers of marijuana concentrate, two digital scales, a glass marijuana pipe, three bundles of cash totaling $525, and a handgun. A further search of the room recovered additional cash totaling $1,012, along with packaging materials. Jones admitted to officers that the marijuana in the safe belonged to him.

The State charged Jones with possession of marijuana with intent to deliver, a class "D" felony, in violation of Iowa Code section 124.401(1)(d) (2019). Jones entered a guilty plea to the offense as charged. On May 14, 2020, the district court accepted the plea, deferred judgment, and placed Jones on probation for a period of five years. As a condition of the deferred judgment, the court assessed a $750 civil penalty.

Fast forward to February 2023, and Jones's probation officer filed a report of violations alleging, among other things, that Jones had committed domestic abuse assault, had failed to appear for substance-use treatment, and had submitted a urine sample that tested positive for THC. After a series of continuances—the most recent of which was attributed by the parties to "ongoing plea negotiations"—Jones executed a written stipulation, filed September 17, 2025, admitting that he had violated the terms of his

2

probation. In the same document, Jones waived the preparation of a presentence investigation report, waived his right to a record of the proceedings, waived time prior to sentencing, and asked the court to proceed to disposition immediately. No sentencing recommendation was reduced to writing in the stipulation itself.

That same day, the district court revoked Jones's deferred judgment, adjudged him guilty of possession of marijuana with intent to deliver, and proceeded to sentencing. The court imposed an indeterminate term of incarceration not to exceed five years, suspended the sentence, and placed Jones on probation for five years. The order credited Jones with "5 years previously served on deferred judgment probation, pursuant to the plea agreement," and recited that he had "completed the term of incarceration ordered and no further jail term is required." The court imposed a fine of $750, to which the statutory fifteen-percent criminal penalty surcharge was added.

In support of the sentence, the order stated that the court had considered "the nature and circumstances of the offense; the plea agreement, if any; and that which will provide for the maximum rehabilitation of [Jones], while at the same time protect[ing] the community from future offenses by [Jones] and others." The order further recited that the court had considered Jones's age, prior record of convictions, employment history, family circumstances, financial circumstances, the nature of the offense, and a plea agreement.

Jones now appeals. He raises two claims. First, he contends that the district court abused its discretion at sentencing by relying exclusively on boilerplate language and failing to articulate reasons sufficient to permit appellate review of the sentence imposed. Second, he contends that the $750

fine is an illegal sentence because, in his view, the fine range applicable to a class "D" felony at the time of sentencing required a minimum fine of $1,025. The State responds that the written order's reference to the parties' agreement, read together with the surrounding record, adequately discloses the basis for the sentence. As to the fine, the State argues that the issue is moot because Jones has paid the $750 in full, and that, in any event, the fine was lawful because Jones committed the offense on April 15, 2019—before the July 1, 2020, effective date of the amendment increasing the class "D" felony fine range. The fine schedule in effect at the time of the offense (a $750 minimum) controls, and any application of the higher post-amendment minimum would offend ex post facto principles.

## STANDARD OF REVIEW

We review sentencing decisions for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentence that conforms to the statute "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id*. An abuse of discretion is only found if "the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id*. We review defects in sentencing procedures or the sentence itself for corrections of errors at law. *State v. Tindell*, 629 N.W.2d 357, 359 (Iowa 2001).

## DISCUSSION

### I.  Specificity of Sentencing Order.

Iowa Rule of Criminal Procedure 2.23 requires the sentencing court to state on the record its reason for selecting a particular sentence. A "terse and succinct" statement suffices "so long as the brevity of the court's statement

does not prevent review of the exercise of the trial court's sentencing discretion." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (citation omitted). When a sentence is "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement," no further articulation is required—provided the record discloses the particulars of the agreement. *Id.* (citation omitted). In *Thacker*, the order identified the plea bargain as the most significant sentencing factor, but the record nowhere disclosed what the parties had agreed to, leaving the court unwilling to "guess or simply calculate the rough probabilities." *Id.* at 410.

The record here is different. The order identifies a specific term of the agreement and ties it to the sentence: Jones is to "receive credit for 5 years previously served on deferred judgment probation, pursuant to the plea agreement." The disposition tracks that term—revocation, a suspended five-year sentence, probation, and credit fully accounting for time served. The order tells us what the agreement was and that the sentence implements it. We need not engage in "post hoc attempts at divining the district court's motivation from the entirety of the record." *Id.* at 408 (citation omitted). The surrounding record confirms the reading. The parties had jointly sought a continuance two weeks earlier for ongoing plea negotiations. Jones then appeared with counsel, executed his admission, and waived the verbatim record. Having waived the means of memorializing the colloquy, he cannot now insist the agreement his order describes did not exist. Accordingly, we affirm.

## II.    Fine.

Jones next contends the $750 fine is illegal because, at the time of his 2025 sentencing, the statutory fine range for a class "D" felony was $1,025

to $10,245. He asks that we remand for imposition of a fine no less than $1,025. The argument inverts the constitutional rule.

Both the U.S. and Iowa Constitutions forbid ex post facto punishment. *See State v. Lopez*, 907 N.W.2d 112, 122 (Iowa 2018). A criminal law runs afoul of that prohibition when it is "retrospective, that is, it must apply to events occurring before its enactment." *Id.* (quoting *State v. Lathrop*, 781 N.W.2d 288, 295 (Iowa 2010)). Additionally, the law must either "alter the definition of criminal conduct or increase the penalty by which a crime is punishable." *Id.* at 123. (cleaned up).

Jones committed his offense on April 15, 2019. The fine range then in effect for a class "D" felony was $750 to $7,500. The amendment increasing the range to $1,025 to $10,245 took effect July 1, 2020. Applying the post-amendment minimum to Jones's 2019 conduct would do precisely what *Lopez* forbids: increase "the penalty by which [the] crime is punishable." *Id.* Jones's proposed remedy—remand to impose a fine of at least $1,025—would direct the district court to enter the very sentence the ex post facto clauses prohibit.

**AFFIRMED.**